**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT COURT OF OKLAHOMA**

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-CV-411-JHP-TLW |
| | ) |
| MONTELLO, INC., | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 1. CONTINENTAL CASUALTY CO., | ) |
|    d/b/a CNA COMMERCIAL | ) |
|    INSURANCE COMPANY, d/b/a CNA | ) |
|    INSURANCE COMPANIES; | ) |
| 2. NATIONAL INDEMNITY | ) |
|    COMPANY; | ) |
| 3. HOUSTON GENERAL INSURANCE | ) |
|    COMPANY; | ) |
| 4. SCOTTSDALE INSURANCE | ) |
|    COMPANY; | ) |
| 5. TWIN CITY FIRE INSURANCE | ) |
|    COMPANY; AND | ) |
| 6. THE HARTFORD FINANCIAL | ) |
|    SERVICES GROUP, | ) |
| | ) |
| Third-Party Defendants. | ) |

**THIRD-PARTY DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO THIRD-PARTY**
**COMPLAINT OF MONTELLO, INC.**

NOW COMES Third-Party Defendant Scottsdale Insurance Company ("Scottsdale"), by

and through its attorneys, HOLDEN & CARR, and for its Answer and Affirmative Defenses to the

Third-Party Complaint of the Defendant/Third-Party Plaintiff, Montello, Inc. ("Montello"), states

as follows:

*Parties, Jurisdiction & Venue*

1.     Plaintiff, Canal Insurance Company, a South Carolina insurance company, has filed a complaint against Defendant Montello in this case.

> **ANSWER:**     Scottsdale is without sufficient information to either admit or deny the allegations in paragraph 1 of Montello's Third-Party Complaint and, therefore, denies the same.

2.     Montello has filed an Answer and a Counterclaim against Canal Insurance Company.

> **ANSWER:**     Scottsdale is without sufficient information to either admit or deny the allegations in paragraph 2 of Montello's Third-Party Complaint and, therefore, denies the same.

3.     Montello is a corporation organized under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma.

> **ANSWER:**     Scottsdale is without sufficient information to either admit or deny the allegations in paragraph 3 of Montello's Third-Party Complaint and, therefore, denies the same.

4.     Continental Casualty Co., d/b/a CNA Commercial Insurance Company, d/b/a CNA Insurance Companies ("CNA"), is organized under the laws of the state of Delaware with its headquarters in Chicago, Illinois.

> **ANSWER:**     Scottsdale has insufficient information to either admit or deny the allegations in paragraph 4 of Montello's Third-Party Complaint and, therefore, denies the same.

5.     National Indemnity Company ("NICO"), a subsidiary of Berkshire Hathaway, Inc., is organized under the laws of the state of Nebraska with headquarters in Omaha, Nebraska.

> **ANSWER:**     Scottsdale has insufficient information to either admit or deny the allegations in paragraph 5 of Montello's Third-Party Complaint and, therefore, denies the same.

6.     Houston General Insurance Company ("Houston General") is organized under the laws of the state of Texas with headquarters in Canton, Massachusetts.

> **ANSWER:**     Scottsdale has insufficient information to either admit or deny the allegations in paragraph 6 of Montello's Third-Party Complaint and, therefore, denies the same.

7.     Scottsdale Insurance Company ("Scottsdale Insurance") is organized under the laws of the state of Ohio with headquarters in Columbus, Ohio.

> ANSWER:   With regard to paragraph 7 of Montello's Third-Party Complaint, Scottsdale admits that it was organized under the laws of the State of Ohio and that it is based in Columbus, Ohio.

8.     Twin City Fire Insurance Company ("Twin City") is an insurance company that is part of The Hartford Financial Services Group, Inc.,and is organized under the laws of the state of Indiana with headquarters in Hartford, Connecticut.

> **ANSWER:**   Scottsdale has insufficient information to either admit or deny the allegations in paragraph 8 of Montello's Third-Party Complaint and, therefore, denies the same.

9.     The Hartford Financial Services Group ("Hartford") provides insurance and financial services through its direct and indirect subsidiaries, including Twin City, and is organized under the laws of the state of Delaware with headquarters in Hartford, Connecticut.

> **ANSWER:**   Scottsdale has insufficient information to either admit or deny the allegations in paragraph 9 of Montello's Third-Party Complaint and, therefore, denies the same.

10.     The Third-Party Defendants set forth in Paragraphs 4-9, above, are collectively referred to herein as the "Third-Party Defendants."

> **ANSWER:**   Paragraph 10 of Montello's Third-Party Complaint contains no allegations and, therefore, requires no response.

11.     There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

> **ANSWER:**   Paragraph 11 of Montello's Third-Party Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Scottsdale has insufficient information regarding the facts necessary to determine whether complete diversity exists between the parties and whether the amount in controversy exceeds $75,000.  As such, Scottsdale denies paragraph 11 of Montello's Third-Party Complaint.

### *Nature of Third-Party Complaint and General Factual Allegations*

12.     Montello adopts, incorporates and alleges the allegations recited by Montello in Montello's Answer and Counterclaim as if recited herein.  Said allegations are included in this Third-Party Complaint by reference.

**ANSWER:**    Scottsdale has insufficient information regarding Montello's Answer and Counterclaim to either admit or deny the allegations contained therein. As such, Scottsdale denies paragraph 12 of Montello's Third-Party Complaint.

13.    By this Third-Party Complaint, Montello seeks to establish its rights as to the Third-Party Defendants with respect to the various liability claims that have been, and in the future, may be asserted against Montello. Multiple parties have asserted claims, suits, actions, and demands seeking damages pursuant to various theories of recovery and causes of action. Those claims and cases have been filed against Montello in the State of Oklahoma and elsewhere, alleging personal injury from alleged exposure to products allegedly manufactured, sold, distributed, or otherwise put into the stream of commerce by Montello. These claims, suits, action and demands which have been, and in the future, may be asserted against Montello are hereinafter referred to as the "Underlying Litigation." Montello contends that Third-Party Defendants have responsibility for some portion or all of the costs of defense and indemnity of many of the suits filed and claims made against Montello. Montello contends that Third-Party Defendants have responsibility for some portion or all of the costs of defense and indemnity to the extent that an individual in the Underlying Litigation alleges that he or she either: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the Policy Periods of the Third-Party Defendant's Insurance Policies. (For purposes of these allegations, the Policy Periods of the Third-Party Defendants' policies are set forth in Paragraph 23-26 infra). Montello requests that this Honorable Court determine the extent of each of the Third-Party Defendants' responsibility for defense and/or indemnity by establishing a determination of the responsibilities of the Third-Party Defendants under the Policies issued to Montello by each of them.

**ANSWER:**    To the extent paragraph 13 of Montello's Third-Party Complaint contains the reasons why Montello has filed this lawsuit and/or the relief that Montello is seeking in this lawsuit, no response is required. To the extent paragraph 13 contains allegations regarding the Underlying Litigation, Scottsdale has insufficient information to either admit or deny those allegations and, therefore, denies the same. Scottsdale further states that it has been unable to locate any policy issued to Montello and, therefore, denies that it has any responsibility for any portion of defense costs or indemnity related to the Underlying Litigation. Scottsdale further denies that Montello is entitled to any relief from Scottsdale and states that should any Scottsdale policy exist, Scottsdale's obligations to Montello, if any, will be defined and limited by the terms of said policy.

14.    Pursuant to Rule 57 of the Federal Rules of Civil Procedure, and 28. U.S.C. § 2201, *et seq.*, Montello seeks a declaratory judgment that each of the Third-Party Defendants is obligated, pursuant to the terms of its respective insurance contract or contracts, to defend and indemnify Montello and to pay some portion of the costs and expenses – including without limitation, the costs of investigation, defense, settlement, and judgment – arising from, or in connection with past, pending and future liability claims and suits; and to reimburse Montello for

sums which have been or will be expended to defend itself in Underlying Litigation in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

**ANSWER:**   To the extent paragraph 14 of Montello's Third-Party Complaint contains the reasons why Montello has filed this lawsuit and/or the relief that Montello is seeking in this lawsuit, no response is required.  To the extent a response is required, Scottsdale states that it has been unable to locate any policy issued to Montello and, therefore, denies that it has any responsibility for any portion of defense costs or indemnity related to the Underlying Litigation.  Scottsdale further denies that Montello is entitled to any relief from Scottsdale and states that should any Scottsdale policy exist, Scottsdale's obligations to Montello, if any, will be defined and limited by the terms of said policy.

15.    Montello also seeks declarations ancillary to the declarations set forth above, including without limitation, the following: (i) a declaration and order that the duty to defend or to reimburse Montello for the defense and investigation expenses which have been or will be incurred for the Underlying Litigation is required of any policies designated by Montello; (ii) a declaration and order that Montello may select the policy and/or policies, and the policy year and/or years, to which to allocate defense and indemnity costs or damages, arising from the Underlying Litigation; (iii) a declaration and order that Montello is not required to pay for self-insured, insolvent, or uninsured years or policies, deductible or self-insured retentions for the Underlying Litigation as long as it has available "real" insurance that is responsive to the Underlying Litigation; (iv) a declaration and order that all policies are triggered if an individual in the Underlying Litigation allegedly either: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the applicable Policy Periods; (v) a declaration and order that self-insurance, insolvent policies of insurance, deductibles, self-insured retentions and retained limits do not constitute "other insurance" within the context of the insurance policies at issue in this case; (vi) a declaration and order that Montello is not obligated to pay any portion of the defense and indemnity costs for the Underlying Litigation, of insolvent insurers, or otherwise unavailable policies; (vii) a declaration and order that the Third-Party Defendants providing coverage in excess of any self-insurance, insolvent, exhausted or otherwise unavailable coverage are required "drop down" and to fill any purported "gap" in coverage or, in the alternative, are required to attach upon liability exceeding the attachment point specified in their policies; (viii) a declaration and order that when underlying coverage does not respond to a claim, suit, action or demand in the Underlying Litigation, for any reason, or no reason whatsoever, including (without limitation) breach by the underlying insurer, exhaustion, insolvency, refusal to pay, or otherwise, satisfaction by the uninsured of the retained limited shall require all Third-Party Defendants issuing and/or responsible for policies issued excess of such underlying coverage immediately to respond to the claim, suit, action or demand in the Underlying Litigation; (ix) a declaration and order that the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked wherever there is any evidence of coverage, even if such policy instruments are incomplete, lost, or missing; (x) a declaration and order that the claims in the Underlying Litigation against Montello are an "occurrence" as the term is used and applied in the insurance

policies at issue in this case; (xi) a declaration and order that Montello has the right to control the defense and disposition of the Underlying Litigation, including the selection of counsel and determination of the terms and conditions of their engagement; and (xii) a declaration and order that documentation, accounting and similar requirements, not expressly provided for by the Insurance Policies, sought to be imposed as a condition of coverage are unlawful and unenforceable.

> **ANSWER:** To the extent paragraph 15 of Montello's Third-Party Complaint contains the reasons why Montello has filed this lawsuit and/or the relief that Montello is seeking in this lawsuit, no response is required.  To the extent a response is required, Scottsdale states that it has been unable to locate any policy issued to Montello and, therefore, denies that it has any responsibility for any portion of defense costs or indemnity related to the Underlying Litigation.  Scottsdale further denies that Montello is entitled to any relief from Scottsdale and states that should any Scottsdale policy exist, Scottsdale's obligations to Montello, if any, will be defined and limited by the terms of said policy.

16.     Under legal compulsion, since January 1, 2010, Montello has incurred and will continue to incur, liability for attorneys fees and expenses in defending against, investigating and paying damages because of alleged personal injury, in connection with the Underlying Litigation.  Montello contends that these liabilities are covered in part or in full by the insurance policies issued by the Third-Party Defendants.

> **ANSWER:** Scottsdale has insufficient information to either admit or deny whether Montello has incurred, and will continue to incur, liability for attorney fees and expenses relating to the Underlying Litigation and, therefore, denies the same.  Scottsdale states that it has been unable to locate any policy issued to Montello and, therefore, denies that it has any responsibility for any portion of defense costs or indemnity related to the Underlying Litigation.  Scottsdale further denies that Montello is entitled to any relief from Scottsdale and states that should any Scottsdale policy exist, Scottsdale's obligations to Montello, if any, will be defined and limited by the terms of said policy.

17.     The Underlying Litigation is covered in part or in full by the insurance policies issued by the Third-Party Defendants to Montello (individually and collectively, the "Insurance Policies").  The Insurance Policies cover each of the respective operations of Montello, and its respective subsidiaries, in an integrated program of contractual protection designed to provide coverage for all liability suits against Montello, and for all damage or injury during the affected policy periods, however caused and wherever located or incurred.

> **ANSWER:** To the extent paragraph 17 of Montello's Third-Party Complaint makes legal conclusions, no response is required.  To the extent a response is required, Scottsdale states that it has been unable to locate any policy

6

issued to Montello and, therefore, denies that it has any responsibility for any portion of defense costs or indemnity related to the Underlying Litigation. Scottsdale further denies that Montello is entitled to any relief from Scottsdale and states that should any Scottsdale policy exist, Scottsdale's obligations to Montello, if any, will be defined and limited by the terms of said policy.

18.     The policies of insurance comprising the Insurance Policies are integrated lengthy contracts that contain terms and conditions pertinent to this action. In certain cases, secondary evidence of the Insurance Policies has been or will be supplied where there are missing instruments. Such secondary evidence is sufficient to establish insuring obligations on the part of the Third-Party Defendants. The Insurance Policies contain no severability or separability clauses. The Insurance Policies must be construed as a whole and no policy or term or condition may be viewed in isolation. Further, each contract must be construed in order to achieve its primary purpose, which is to provide comprehensive insurance protection. Any ambiguity must be construed in favor of coverage and any reasonable interpretation by the insured must be adopted.

**ANSWER:**     To the extent paragraph 18 of Montello's Third-Party Complaint makes legal conclusions, no response is required. To the extent a response is required, Scottsdale states that it has been unable to locate any policy issued to Montello and, therefore, denies that it has any responsibility for any portion of defense costs or indemnity related to the Underlying Litigation. Scottsdale further denies that Montello is entitled to any relief from Scottsdale and states that should any Scottsdale policy exist, Scottsdale's obligations to Montello, if any, will be defined and limited by the terms of said policy.

19.     Montello has performed all acts necessary under the Insurance Policies, specifically including payment of premiums, and notice and tender of claims which has been satisfied, among other things, by and through the filing of this Third-Party Complaint. All conditions to the Third-Party Defendants' performance have been satisfied or performed by Montello or its performance is or has been waived or excused by the conduct of these defendants or by operation by law.

**ANSWER:**     To the extent paragraph 19 of Montello's Third-Party Complaint makes legal conclusions or contains allegations directed at other Third-Party Defendants, no response is required and none is made. To the extent a response is required, Scottsdale states that the filing of this lawsuit was Scottsdale's first notice of Montello's claims. Scottsdale denies all other allegations in paragraph 19.

*The Underlying Litigation*

20.     Montello is presently named in hundreds of pending liability suits in various states, alleging damages, including personal injury, and wrongful death and other damages, as a result of alleged exposure to products allegedly manufactured, distributed, sold or otherwise put into the stream of commerce by Montello in the State of Oklahoma, and elsewhere.  Montello continues to be sued for liability in Oklahoma and other states.  In addition to these liability suits, the covered liability also includes all suits, claims, demands, actions alleging damages as a result of personal injury or wrongful death or other damages now, or hereafter brought against Montello as the result of alleged injurious exposure to Montello products.

> **ANSWER:**     Scottsdale has insufficient information to either admit or deny the allegations contained in paragraph 20 of Montello's Third-Party Complaint which pertain to liability suits and, therefore, denies the same. With regard to whether Montello's liability is covered by Scottsdale, Scottsdale denies the allegations regarding the same.

21.     To date, Montello has incurred substantial damages because of investigating, defending against, and paying damages resulting from the Underlying Litigation.  These damages are continuing and increasing.

> **ANSWER:**     Scottsdale has insufficient information to either admit or deny the allegations contained in paragraph 21 of Montello's Third-Party Complaint and, therefore, denies the same.

*Third-Party Defendants' Insurance Policies Covering the Underlying Litigation*

22.     Montello purchased insurance coverage from CNA for the period December of 1968 through December of 1974 (hereafter the "CNA/NICO Policy Periods").  Montello is aware of Policy Numbers RDU 8911677 and RDU 8058960.

> **ANSWER:**     Paragraph 22 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that it has insufficient information to either admit or deny the allegations in paragraph 22 of Montello's Third-Party Complaint and, therefore, denies the same.

23.     Montello purchased insurance coverage from Houston General from the period of December 1978 through March of 1981 (hereafter the "Houston General Insurance Company Policy Periods").   Montello is aware of Policy Numbers 5XS961702, 5XS980662, and 5XS116867.

> **ANSWER:**     Paragraph 23 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that it has insufficient information

to either admit or deny the allegations in paragraph 23 of Montello's Third-Party Complaint and, therefore, denies the same.

24.   Montello purchased insurance coverage from Scottsdale Insurance from the period March of 1985 through March of 1986 (hereafter the "Scottsdale Policy Period"). Montello is aware of Policy Number UMB 4434.

**ANSWER:**   Scottsdale has not been able to locate a policy issued to Montello.  As such, Scottsdale has insufficient information to either admit or deny the allegations contained in paragraph 24 of Montello's Third-Party Complaint and, therefore, denies the same.

25.   Montello purchased insurance coverage from Twin City from the period March of 1982 through March of 1983 (hereinafter the "Twin City Policy Periods").  Montello is aware of Policy Number TXU101400.

**ANSWER:**   Paragraph 25 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that it has insufficient information to either admit or deny the allegations in paragraph 25 of Montello's Third-Party Complaint and, therefore, denies the same.

26.   With respect to the Insurance Policies, the damages that Montello has sustained or that are sought by the liability claimants in the Underlying Litigation are reasonably believed by Montello to be in whole or in part the responsibility of the Third-Party Defendants.  The Insurance Policies are also required to cover (in whole or in part) all sums, costs, and expenses arising out of the defense of the underlying litigation once their attachment points have been reached.

**ANSWER:**   To the extent paragraph 26 of Montello's Third-Party Complaint contains legal conclusions or is directed at other Third-Party Defendants, no response is required.  To the extent a response is required, Scottsdale has insufficient information to either admit or deny the allegations in paragraph 26 and, therefore, denies the same.  To the extent the allegations in paragraph 26 are directed at Scottsdale, Scottsdale states that it has been unable to locate any policy issued to Montello and, therefore, denies said allegations.

27.   The allegations asserted against Montello in the Underlying Litigation and the costs of the investigation and defense of the suits are covered in whole or in part by the Insurance Policies and do not come within any exception to, or exclusion from, coverage.

**ANSWER:**   To the extent paragraph 27 of Montello's Third-Party Complaint contains legal conclusions or is directed at other Third-Party Defendants, no response is required.  To the extent the allegations in paragraph 27 are

directed at Scottsdale, Scottsdale states that it has not been able to locate a policy issued to Montello and, therefore, denies the allegations.

28.     The Third-Party Defendants are obligated to pay in whole or in part Montello's costs of defense and legal liabilities to the extent that the Policies are triggered, including all sums spent in settlement, in connection with the Underlying Litigation.

> **ANSWER:**     To the extent paragraph 28 of Montello's Third-Party Complaint contains legal conclusions or is directed at other Third-Party Defendants, no response is required.  To the extent a response is required, Scottsdale states that it has not been able to locate a policy issued to Montello and, therefore, denies the allegations.

### *Allegations Applicable to All Allegations Against CAN & NICO*

29.     Based upon information and belief, Montello alleges that on July 15, 2010, CNA announced that its principal operating subsidiary Continental Casualty Company, along with its insurance subsidiaries have entered into an agreement with NICO, under which the CNA's asbestos and environmental pollution liabilities will be transferred to NICO.  Based upon information and belief, Montello further alleges that under the terms of the transaction, effective January 1, 2010, CNA ceded or will cede approximately $1.6 billion of net asbestos and environmental liabilities to NICO under a retroactive reinsurance agreement with an aggregate limit of $4 billion.

> **ANSWER:**     Paragraph 29 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that it has insufficient information to either admit or deny the allegations contained in paragraph 29 and, therefore, denies the same.

30.     Based upon information and belief, Montello alleges that NICO deposited or will deposit $2.2 billion in a collateral trust for the benefit of CNA.  In addition, Berkshire Hathaway, Inc. has guaranteed the payment obligations of NICO up to the full aggregate reinsurance limits as well as NICO's performance obligations under the trust.

> **ANSWER:**     Paragraph 30 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 30 and, therefore, denies the same.

31.     Based upon information and belief, Montello alleges that NICO has responsibility for the CNA companies' asbestos and environmental claims and insuring contracts, and CNA's Insurance Policies at issue herein.

**ANSWER:**     Paragraph 31 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.   To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 31 and, therefore, denies the same.

*Grounds for Alter-Ego and Single Enterprise Liability Applicable*
*to all Claims for Relief Against Twin City and Hartford*

32.     Upon information and belief, Montello alleges as follows, Hartford and Twin City are alter egos of each other that share a unity of interest and ownership and operate as a single enterprise for purposes of the imposition of liability herein, in that (Montello is informed and believes):

a.     Hartford acts through its Hartford Financial Products division in marketing, selling, underwriting, claims adjusting and paying or not paying claims.  HFP, as an incorporated division, has no separate judicial existence apart from The Hartford – they are one and the same entity.  A division of a corporation – HFP – is not a separate entity but is the corporation – HFSG – itself.  Accordingly, the acts and omissions are Hartford's acts and omissions; when it denies claims, Hartford is denying those same claims.  Claims investigating, processing and handling are inexorably wound up with the business of an insurance company.

b.     Thus, Hartford, as Twin City's ultimate parent company, uses Twin City as a mere conduit through which it conducts insurance business in states in which the Hartford is not admitted to conduct any business whatsoever, much less admitted to conduct the business of insurance; and Hartford attempts to shield itself from liability based upon Twin City's activities in states in which Twin City engages in the business of insurance at Hartford's behest and under its complete domination and control.

c.     Twin City may not create insurance policies, like the Twin City Insurance Policy at issue in this case, in which it is listed as the named insurer; but rather, such insurance policies, and the Twin City's Insurance Policy at issue here, may have been created by Hartford's unincorporated division, or department, HFP.  Twin City may not have had any input or role in the formulation, drafting, terms and conditions, endorsements, or any other aspects of the insurance policies, like the Twin City Insurance Policy at issue in this case, that Hartford, acting through HFP, prepares and imposes upon Twin City as the nominal named "insurer."

d.     Hartford (acting through HFP) makes the critical underwriting, claim adjustment, claim payment/denial decisions itself under policies nominally issued by Twin City, with no control or veto power vested in Twin City with respect to those decisions.

e.     Hartford (through HFP) makes all sales and marketing efforts with respect to its policies nominally issued by Twin City, with no input, assent of dissent by Twin City in any of the sales and marketing efforts undertaken by Hartford with respect to such insurance policies.  No Twin City employees, but only Hartford employees are involved in the marketing and underwriting of the types of insurance contracts at issue in this case.

11

f.       Hartford provides key marketing, sales, administrative services and support, and financial management for Twin City from Hartford's main offices in Hartford, Connecticut, and claims decisions from its HFP division in New York.

g.       No Twin City employees, but only Hartford employees are involved in the critical underwriting, claims adjustment, claim payment/denial decisions involving the types of insurance contracts at issue in this case.

h.       During the relevant time, Twin City received no insurance business except that given to it by its direct parent, Hartford (acting through HFP), in HFP-created policy forms.

i.       The directors and officers of Twin City do not act independently in the interest of that company, but rather take their orders from the parent (Hartford) and act in the interest of that company – Hartford – exclusively, with respect to entering into HFP-created and marketed insurance contracts, performing or not performing their obligations under such contracts, and in responding to litigation resulting from such contracts.

j.       The same in-house legal department at Hartford is responsible for claims by Twin City insured under the same types of insurance contracts as at issue in this case. Twin City relies exclusively on Hartford in-house attorneys in that regard, just as it relies on Hartford in-house underwriters, sales marketing personnel and claims adjusters in regard to such HFP-generated and managed insurance contracts, having no independent employees engages in such activities with respect to such HFP insurance products.

k.       Twin City and Hartford completely disregard appropriate legal formalities and fail to maintain arm's length relationship in their dealings with one another in that Hartford conducts and controls all of the most basic insurance functions of Twin City with respect to insurance contracts like the one at issue here (including contract drafting, marketing, sales, underwriting, claims adjustment, and related litigation), without entering into any written agreements with Twin City in those regards, and without any input or approval by Twin City in those regards.

l.       All of Twin City's employees are paid by Hartford, not by Twin City on checks issued through Hartford Fire Insurance Company.

m.      When independent counsel retained by Twin City's insured to provide defense to claims asserted by their parties covered or potentially covered by insurance contracts issued by Twin City like the Twin City policy at issue in this case, such counsel are paid not by Twin City, but by Hartford, through Hartford Fire Insurance Company.

n.       There exists an identical ownership in the two entities, in that Hartford is the 100% owner of Twin City.

o.       Hartford shares profits and losses with Twin City from these joint coordinated activities, directly or indirectly, by deriving income indirectly via dividends up-streamed from the subsidiaries it unilaterally inserts as the "Insurers" in its form policies) as a result of its insurance.

p.       By choosing the insured which whom Twin City contracts under Hartford's policies nominally issued by Twin City, Hartford effectively controls the premium revenue Twin City will derive from such policies. By choosing which claims it will honor or reject, Hartford effectively controls the claim costs that Twin City will incur for claims made against its insureds under such policies.

q.       Hartford and Twin City file consolidated tax returns.

       r.     In these key respects, therefore, Hartford, as the parent, dictates every facet of Twin City's business, from broad policy decisions to routine matters of day-to-day operations.

       s.     For these reasons, among, others, Hartford used and uses Twin City as a mere shell or conduit for its insurance business directed to and derived from Montello's and its other insureds.

      **ANSWER:**     Paragraph 32 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 32, including subparts (a) through (s) and, therefore, denies the same.

33.     Upon information and belief, Montello alleges that an injustice will occur if the fiction of corporate separateness between Hartford and Twin City is not disregarded.  Montello contends that the Court should not permit Hartford to shield itself from contract liability behind Twin City's corporate shell, on the ground that Twin City and not Hartford, is the only nominally named insurer on the policy.

      **ANSWER:**     Paragraph 33 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 33 and, therefore, denies the same.

### *Principal/Agent Liability Allegations Common to All Claims for Relief Against Twin City and Hartford*

34.     Upon information and belief, Montello alleges that if Hartford and Twin City are not deemed to be alter egos or part of a single enterprise for purposes of joint liability under the Policy issued to Montello, Twin City and Hartford are agents, partners, joint ventures or co-conspirators of each other and, in doing the acts hereinafter alleged, were acting within the scope of its authority as such and with the permission and consent of each of the other.  Twin City should, therefore, be considered to be, and at all relevant times herein acted as, Hartford's agent with respect to the matters alleged herein.  While at all relevant times, Hartford held itself out as a mere holding company whose only business pursuits is its investments in its subsidiaries, in actuality Hartford itself controls Twin City's key adjustment and coverage-acceptance/denial function that is critical to its revenue stream, and uses Twin City to assist its own business in that regard.  To the end, Hartford controls these critical internal affairs of Twin City, and determines how Twin City will be operated with respect to internal affairs in addition to other key operational matters on a day-to-day basis.  Thus, Hartford, not Twin City is the actual insurer that engages in the core business of insurance with respect to the policy at issue and similar policies prepared by HFP (i.e. Hartford) in which Twin City is inserted by Hartford as the nominal insurer, even though Hartford may not be admitted to conduct insurance business in some of the states wherein it engages in such activity.

> **ANSWER:** Paragraph 34 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 34 and, therefore, denies the same.

### *Claims for Relief*

### First Cause of Action
### Declaratory Judgment Against CNA and NICO

35.     Montello adopts, incorporates and alleges the allegations recited by Montello contained in Montello's Answer and Counterclaim, and Paragraphs 1-34 of this Third-Party Complaint as if recited herein.  Said allegations are included in this Third-Party Complaint by reference.

> **ANSWER:** Scottsdale incorporates by reference its responses to paragraphs 1-34 above, as if fully set forth herein.

36.     Montello alleges upon information and belief that due to CNA's announcement that its principal operating subsidiary Continental Casualty Company, along with its insurance subsidiaries have entered into an agreement with National Indemnity Company (NICO), a subsidiary of Berkshire Hathaway, Inc.,  under which the CNA's asbestos and environmental pollution liabilities have been or will be transferred to NICO, NICO has responsibility for the CNA's asbestos and environmental claims and insuring contracts.  Accordingly, CNA and NCIO are sued herein collectively, and referred to herein as "CNA/NICO."

> **ANSWER:** Paragraph 36 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 36 and, therefore, denies the same.

37.     CNA/NICO are obligated, under CNA's Insurance Policies and applicable law, to investigate, defend, reimburse, and indemnify Montello completely against the Underlying Litigation.   By this Third-Party Complaint, Montello seeks to establish its rights as to CNA/NICO with respect to the various liability claims that have been, and in the future, may be asserted against Montello.  Multiple parties have asserted claims, suits, actions, and demands seeking damages pursuant to various theories of recovery and causes of action, including but not limited to strict liability, negligence, and failure to warn, against Montello.  Multiple parties have asserted claims, suits, actions, and demands seeking damages pursuant to various theories of recovery and causes of action, including but not limited to strict liability, negligence, and failure to warn, against Montello in the State of Oklahoma and elsewhere, alleging personal injury from alleged exposure to products allegedly manufactured, sold, distributed, or otherwise put in the

14

stream of commerce.  These claims, suits, actions and demands which have been, and in the future, may be asserted against Montello are hereinafter referred to as the "Underlying Litigation."  Montello contends that the CNA/NICO has responsibility for some portion of the defense and indemnity of all suits filed and claims made against Montello to the extent that an individual in the Underlying Litigation allegedly either: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the Policy Periods of the CNA/NICO Insurance Policies. (For purposes of these allegations, the Policy Periods of the CNA/NICO Policies are December of 1968 through December of 1974).

> **ANSWER:**   Paragraph 37 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 37 and, therefore, denies the same.

38.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, *et seq.*, Montello seeks a declaratory judgment that CNA/NICO is obligated pursuant to the terms of its insurance contracts to defend and indemnify Montello, and to pay some portion of the costs and expenses – including without limitation, the costs of investigation, defense, settlement, and judgment – arising from, or in connection with past, pending and future liability suits; and to reimburse Montello for sums expended to defend itself in Underlying Litigation in an amount in excess of One Hundred Thousand Dollars ($1,000,000.00).

> **ANSWER:**   Paragraph 38 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 38 and, therefore, denies the same.

39.     Montello also seeks declarations ancillary to the declarations set forth above in paragraph 39, including without limitation, the following: (i) a declaration and order that a duty to defend or to reimburse Montello for some portion of the defense and investigation expenses for the Underlying Litigation is required of any policies designated by Montello; (ii) a declaration and order that Montello may select the policy and/or policies, and the policy year and/or years, to which to allocate defense and indemnity costs or damages, arising from the Underlying Litigation; (iii) a declaration and order that Montello is not required to pay for self-insured, insolvent, or uninsured years or policies, deductibles or self-insured retentions for the Underlying Litigation as long as it has available "real" insurance that is responsive to the Underlying Litigation; (iv) a declaration and order that all policies are triggered if an individual in the Underlying Litigation allegedly: (a) exposed to Montello's *asbestos,* (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the applicable Policy Periods; (v) a declaration and order that self-insurance, insolvent policies of insurance, deductibles, self-insured retentions and retained limits do not constitute "other insurance" within the context of the insurance policies at issue in this case; (vi) a

declaration and order that Montello is not obligated to pay any portion of the defense and indemnity costs for the Underlying Litigation, or insolvent insurers, or otherwise unavailable policies; (vii) a declaration and order that insurers providing coverage in excess of any self-insurance, insolvent, exhausted or otherwise unavailable coverage is required to "drop down" and to fill any purported "gap" in coverage or, in the alternative, is required to attach upon liability exceeding that attachment point specified in the Insurance Policies; (viii) a declaration and order that when underlying coverage does not respond to a claim, suit, action or demand in the Underlying Litigation, for any reason, or no reason whatsoever, including (without limitation) breach by the underlying insurer, exhaustion, insolvency, refusal to pay, or otherwise, satisfaction by the uninsured of the retained limit shall require all Third-Party Defendants issuing policies and/or responsible for policies issued excess of such underlying coverage immediately to respond to the claim, suit, action or demand in the Underlying Litigation; (ix) a declaration and order that the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked wherever there is any evidence of coverage, even if such policy instruments are incomplete, lost, or missing; (x) a declaration and order that the Underlying Litigation against Montello all arises out of an "occurrence" as that term is used and applied in the insurance policies at issue in this case and as custom and practice in the insurance industry at the time of policy issuance, and otherwise; (xi) a declaration and order that Montello has the right to control the defense and disposition of the Underlying Litigation, including the selection of counsel and determination of the terms and conditions of their engagement; and (xii) a declaration and order that documentation, accounting and similar requirements, not expressly provided for by the Insurance Policies, sought to be imposed as a condition of coverage are unlawful and unenforceable.

> **ANSWER:** Paragraph 39 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required. To the extent a response is required, Scottsdale denies the allegations of paragraph 39 to the extent they concern Scottsdale. Scottsdale lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Underlying Litigation and, on that basis, denies the same. Scottsdale denies that Montello is entitled to any relief whatsoever. Scottsdale lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 to the extent the allegations are directed toward other Third-Party Defendants and, therefore, denies the same.

40. CNA/NICO disagrees, or on information and belief will dispute, these assertions and the relief which Montello asserts is available under CNA/NICO's insurance contracts. An actual and justifiable controversy exists between Montello and CNA/NICO concerning CNA/NICO's obligations under the Insurance Policies sold to Montello because CNA/NICO is not fulfilling its obligations.

> **ANSWER:** Paragraph 40 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required. To the extent a response is required, Scottsdale states that is has insufficient information

to either admit or deny the allegations contained in paragraph 40 and, therefore, denies the same.

41.     A judicial declaration is necessary and appropriate at this time and under the circumstances alleged so that Montello may ascertain its rights under the CNA/NICO Insurance Policies.  A judicial declaration of Montello's rights under the Insurance Policies would obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between CNA/NICO and Montello concerning its rights and CNA/NICO's obligations under CNA/NICO's Insurance Policies.

> **ANSWER:**     Paragraph 41 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 41 and, therefore, denies the same.

## Second Cause of Action
## Declaratory Judgment Against Houston General

42.     Montello adopts, incorporates and alleges the allegations recited by Montello contained in Montello's Answer and Counterclaim, and Paragraphs 1-41 of this Third-Party Complaint as if recited herein.  Said allegations are included by reference.

> **ANSWER:**     Scottsdale incorporates by reference its responses to paragraphs 1-41 above as if fully set forth herein.

43.     Houston General is obligated, under Houston General's Insurance Policies and applicable law, to investigate, defend, reimburse, and indemnify Montello completely against the Underlying Litigation.  By this Third-Party Complaint, Montello seeks to establish its rights as to Houston General with respect to the various liability claims that have been, and in the future, may be asserted against Montello.  Multiple parties have asserted claims, suits, actions, and demands seeking damages pursuant to various theories of recovery and causes of action, including but not limited to strict liability, negligence, and failure to warn, against Montello in the State of Oklahoma and elsewhere, alleging personal injury from alleged exposure to products allegedly manufactured, sold, distributed, or otherwise put in the stream of commerce.  These claims, suits, actions and demands which have been, and in the future, may be asserted against Montello are hereinafter referred to as the "Underlying Litigation."  Montello contends that Houston General has responsibility for defense and indemnity of some portion of all suits filed and claims made against Montello to the extent that an individual in the Underlying Litigation allegedly either: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation of continuation of disease, during the Policy Periods of the Houston General Insurance Policies.  (For purposes of these allegations, the Policy Periods of Houston General Policies are December of 1978 through March of 1981).

**ANSWER:**   Paragraph 43 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 43 and, therefore, denies the same.

44.    Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*., Montello seeks a declaratory judgment that Houston General is obligated pursuant to the terms of its insurance contracts to defend and indemnify Montello, and to pay some portion of the costs and expenses – including without limitation, the costs of investigation, defense, settlement, and judgment – arising from, or in connection with past, pending and future liability suits; and to reimburse Montello for sums expended to defend itself in Underlying Litigation in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

**ANSWER:**   Paragraph 44 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 44 and, therefore, denies the same.

45.    Montello also seeks declarations ancillary to the declarations set forth above, including without limitation, the following (i) a declaration and order that the duty to defend or to reimburse Montello for some portion of the defense and investigation expenses for the Underlying Litigation is required of any policies designated by Montello; (ii) a declaration and order that Montello may select the policy and/or policies, and the policy year and/or years, to which to allocate defense and indemnity costs or damages, arising from the Underlying Litigation; (iii) a declaration and order that Montello is not required to pay for self-insured, insolvent, or uninsured years or policies, deductibles or self-insured retentions for the Underlying Litigation as long as it has available "real" insurance that is responsive to the Underlying Litigation; (iv) a declaration and order that all policies are triggered if an individual in the Underlying Litigation allegedly: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the applicable Policy Periods; (v) a declaration and order that self-insurance, insolvent policies of insurance, deductibles, self-insured retentions and retained limits do not constitute "other insurance" within the context of the insurance policies at issue in this case; (vi) a declaration and order that Montello is not obligated to pay any portion of the defense and indemnity costs for the Underlying Litigation, or insolvent insurers, or otherwise unavailable policies; (vii) a declaration and order that insurers providing coverage in excess of any self-insurance, insolvent, exhausted or otherwise unavailable coverage is required to "drop down" and to fill any purported "gap" in coverage or, in the alternative, are required to attach upon liability exceeding the attachment point specified in the Insurance Policies; (viii) a declaration and order that when underlying coverage does not respond to a claim, suit, action or demand in the Underlying Litigation, for any reason, or no reason whatsoever, including (without limitation) breach by the underlying insurer, exhaustion, insolvency, refusal to pay, or otherwise, satisfaction by the uninsured of the retained limit shall require all Third-Party Defendants issuing and/or responsible for policies

issued excess of such underlying coverage immediately to respond to the claim, suit, action or demand in the Underlying Litigation; (ix) a declaration and order that the duty to pay or reimburse defense costs in unlimited and supplemental and that such duty is invoked wherever there is any evidence of coverage, even if such policy instruments are incomplete, lost, or missing; (x) a declaration and order that the Underlying Litigation against Montello all arises out of an "occurrence" as that term is used and applied in the insurance policies at issue in this case and as a custom and practice in the insurance industry at the time of the policy issuance, and otherwise; (xi) a declaration and order that Montello has the right to control the defense and disposition of the Underlying Litigation, including the selection of counsel and determination of the terms and conditions of their engagement; and (xii) a declaration and order that documentation, accounting and similar requirements, not expressly provided for by the Insurance Policies, sought to be imposed as a condition of coverage are unlawful and unenforceable.

> **ANSWER:**   Paragraph 45 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations of paragraph 45 to the extent they concern Scottsdale.  Scottsdale lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Underlying Litigation and, on that basis, denies them. Scottsdale denies that Montello is entitled to any relief whatsoever. Scottsdale lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 to the extent the allegations are directed toward other Third-Party Defendants and, on that basis, denies them.

46.    Houston General disagrees, or on information and belief will dispute, these assertions and the relief which Montello asserts is available under Houston General's insurance contracts.  An actual and justifiable controversy exists between Montello and Houston General concerning Houston General's obligations under the Insurance Policies sold to Montello because Houston General is not fulfilling its obligations.

> **ANSWER:**   Paragraph 46 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 46 and, therefore, denies the same.

47.    A judicial declaration is necessary and appropriate at this time and under the circumstances alleged so that Montello may ascertain its rights under the Houston General Insurance Policies.  A judicial declaration of Montello's rights under the Houston General Insurance Policies would obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Houston General and Montello concerning its rights and Houston General's obligation under Houston General's Insurance Policies.

**ANSWER:**   Paragraph 47 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 47 and, therefore, denies the same.

### Third Cause of Action
### Declaratory Judgment Against Scottsdale

48.    Montello adopts, incorporates and alleges the allegations recited by Montello contained in Montello's Answer and Counterclaim, and Paragraphs 1-47 of this Third-Party Complaint as if recited herein.  Said allegations are included by reference.

**ANSWER:**   Scottsdale incorporates by reference its responses to paragraphs 1-47 above as if fully set forth herein.

49.    Scottsdale is obligated, under Scottsdale's Insurance Policies and applicable law, to investigate, defend, reimburse, and indemnify Montello completely against the Underlying Litigation.  By this Third-Party Complaint, Montello seeks to establish its rights as to Scottsdale with respect to the various liability claims that have been, and in the future, may be asserted against Montello.  Multiple parties have asserted claims, suits, actions, and demands seeking damages pursuant to various theories of recovery and causes of action, including but not limited to strict liability, negligence, and failure to warn, against Montello in the State of Oklahoma and elsewhere, alleging personal injury from alleged exposure to products allegedly manufactured, sold, distributed, or otherwise put in the stream of commerce.  These claims, suits, actions and demands which have been, and in the future, may be asserted against Montello are hereinafter referred to as the "Underlying Litigation."  Montello contends that Scottsdale has responsibility for defense and indemnity of all suits filed and claims made against Montello to the extent that an individual in the Underlying Ligation allegedly either: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation of continuation of disease, during the Policy Periods of the Scottsdale Insurance Policy.  (For purposes of these allegations, the Policy Periods of Scottsdale's Insurance Policy is March of 1985 through March of 1986).

**ANSWER**:   To the extent paragraph 49 of Montello's Third-Party Complaint contains legal conclusions, no response is required and none is given.  Scottsdale further states that it has insufficient information regarding the Underlying Litigation to either admit or deny the allegations regarding the Underlying Litigation and, therefore, Scottsdale denies those allegations.  Scottsdale further states that it has been unable to locate a policy issued to Montello.  Thus, to the extent paragraph 49 contains allegations alleging that Scottsdale owes some duty to Montello, Scottsdale denies the allegations.

50.    Pursuant to Rule 57 of the Federal Rules of Civil Procedure 28 U.S.C. § 2201, *et seq.*, Montello seeks a declaratory judgment that Scottsdale is obligated pursuant to the terms of

its insurance contracts to defend and indemnify Montello, and to pay the costs and expenses - including without limitation, the costs of investigation, defense, settlement, and judgment-arising from, or in connection with past, pending and future liability suits; and to reimburse Montello for sums expended to defend itself in Underlying Litigation is an amount in excess of One Hundred Thousand Dollars ($100,000.00).

> **ANSWER**:   Scottsdale has been unable to locate a policy issued to Montello.  As such, Scottsdale denies all allegations contained in paragraph 50 of Montello's Third-Party Complaint and denies that Montello is entitled to any of the relief requested therein.

51.   Montello also seeks declarations ancillary to the declarations set forth above, including without limitation, the following: (i) a declaration and order that the duty to defend or to reimburse Montello for some portion of the defense and investigation expenses for the Underlying Litigation is required of any policies designated by Montello; (ii) a declaration and order that Montello may select the policy and/or policies, and the policy year and/or years, to which to allocate defense and indemnity costs or damages, arising from the Underlying Litigation (iii) a declaration and order that Montello is not required to pay for self-insured, insolvent, or uninsured years or policies, deductibles or self-insured retentions for the Underlying Litigation as long as it has available "real" insurance that is responsive to the Underlying Litigation; (iv) a declaration and order that all policies are triggered if an individual in the Underlying Litigation allegedly: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the applicable Policy Periods; (v) a declaration and order that elf-insurance, insolvent policies of insurance, deductibles, self-insured retentions and retained limits do not consolidate "other insurance" within the context of the insurance policies at issue in this case; (vi) a declaration and order that Montello is not obligated to pay any portion of the defense and indemnity costs for the Underlying Litigation, of insolvent insurers, or otherwise unavailable policies; (vii) a declaration and order that insurers providing coverage in excess of any self-insurance, insolvent, exhausted or otherwise unavailable coverage are required to "drop down" and to fill any purported "gap" in coverage or, in the alternative, are required to attach upon liability exceeding the attachment point specified in their policies; (viii) a declaration and order that when underlying coverage does not respond to a claim, suit action or demand in the Underlying Litigation, for any reason, or no reason whatsoever, including (without limitation) breach by the underlying insurer, exhaustion, insolvency, refusal to pay, or otherwise, satisfaction by the uninsured of the retained limit shall require all Third-Party Defendants issuing policies and/or responsible for policies issued excess of such underlying coverage immediately to respond to the claim, suit, action or demand in the Underlying Litigation; (ix) a declaration and order that the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked wherever there is any evidence of coverage, even if such policy instruments are incomplete, lost, or missing; (x) a declaration and order that the Underlying Litigation against Montello all arises out of an "occurrence" as that term is used and applied in the insurance policy issuance, and otherwise; (xi) a declaration and order that Montello has the right to control the defense and disposition of the Underlying Litigation; including the selection of counsel and determination of the terms and conditions of their engagement; and (xii) a declaration and order that

documentation, accounting and similar requirements, not expressly provided for by the Insurance Policies, sought to be imposed as a condition of coverage are unlawful and unenforceable.

> **ANSWER**:   Scottsdale has been unable to locate a policy issued to Montello.  As such, Scottsdale denies all allegations contained in paragraph 51 of Montello's Third-Party Complaint and denies that Montello is entitled to any of the relief requested therein.

52.     Scottsdale disagrees, or on information and belief will dispute, these assertions and the relief which Montello asserts is available under Scottsdale insurance contract.  An actual and justifiable controversy exists between Montello and Scottsdale concerning Scottsdale's obligations under the Insurance Policy sold to Montello because Scottsdale is not fulfilling its obligation.

> **ANSWER**:   Scottsdale has been unable to locate a policy issued to Montello.  As such, Scottsdale denies all allegations contained in paragraph 52 of Montello's Third-Party Complaint and denies that Montello is entitled to any relief from Scottsdale.

53.     A judicial declaration is necessary and appropriate at this time and under the circumstances alleged so that Montello may ascertain its rights under the Scottsdale Insurance Policy.  A judicial declaration of Montello's rights under the Insurance policies would obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Scottsdale and Montello concerning its rights and Scottsdale Insurance's obligations under Scottsdale's Insurance Policy.

> **ANSWER**:   Scottsdale has been unable to locate a policy issued to Montello.  As such, Scottsdale denies all allegations contained in paragraph 53 of Montello's Third-Party Complaint and denies that Montello is entitled to any relief from Scottsdale.

### Fourth Cause of Action
### Declaratory Judgment Against Twin City and Hartford

54.     Montello adopts, incorporates and alleges the allegations recited by Montello contained in Montello's Answer and Counterclaim, and Paragraphs 1-53 of this Third-Party Complaint as if recited herein.  Said allegations are included by reference.

> **ANSWER**:   Scottsdale incorporates by reference its responses to paragraphs 1-53 above as if fully set forth herein.

55.     Twin City and Hartford are obligated, under Twin City Insurance Policies and applicable law, to investigate, defend, reimburse, and indemnify Montello completely against the Underlying Litigation.  By this Third-Party Complaint, Montello seeks to establish its rights as to Twin City and Hartford with respect to the various liability claims that have been, and in the

future, may be asserted against Montello.  Multiple parties have asserted claims, suits, actions, and demands seeking damages pursuant to various theories of recovery and causes of action, including but not limited to strict liability, negligence, and failure to warn, against Montello in the State of Oklahoma and elsewhere, alleging personal injury from alleged exposure to products allegedly manufactured, sold, distributed, or otherwise put in the stream of commerce.  These claims, suits, action and demands which have been, and in the future, maybe asserted against Montello are hereinafter referred to as the "Underlying Litigation."  Montello contends that Twin City and Hartford have responsibility for defense and indemnity of all suits filed and claims made against Montello to the extent that an individual in the Underlying Litigation allegedly either: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the Policy Period of the Twin City Insurance Policy.  (For purposes of these allegations, the Policy Period of the Twin City Insurance Policy is March of 1982 through March of 1983).

> **ANSWER**:   Paragraph 55 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 55 and, therefore, denies the same.

56.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*., Montello seeks a declaratory judgment that Twin City and Hartford are obligated pursuant to the Twin City insurance contract at issue to defend and indemnify Montello, and to pay some portion of the costs and expenses – including without limitation, the costs of investigation, defense, settlement, and judgment – arising from, or in connection with past, pending and future liability suits; and to reimburse Montello for sums expended to defend itself in Underlying Litigation in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

> **ANSWER**:   Paragraph 56 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 56 and, therefore, denies the same.

57.     Montello also seeks declarations ancillary to the declarations set forth above, including without limitation, the following: (i) a declaration and order that the duty to defend or to reimburse Montello for some portion of the defense and investigation expenses for the Underlying Litigation is required of any policies designated by Montello; (ii) a declaration and order that Montello may select the policy and/or policies, and the policy year and/or years, to which to allocate defense and indemnity costs or damages, arising from the Underlying Litigation; (iii) a declaration and order that Montello is not required to pay for self-insured, insolvent, or uninsured years or policies, deductibles or self-insured  retentions for the Underlying Litigation as long as it has available "real" insurance that is responsive to the Underlying Litigation; (iv) a declaration and order that all policies are triggered if an individual

in the Underlying Litigation allegedly: (a) was exposed to Montello's asbestos, (b) suffered Montello's asbestos fibers in residence, or (c) suffered a manifestation or continuation of disease, during the applicable Policy Periods; (v) a declaration and order that self-insurance, insolvent policies of insurance, deductibles, self-insured retentions and retained limits do not constitute "other insurance" within the context of the insurance policies at issue in this case; (vi) a declaration and order that Montello is not obligated to pay any portion of the defense and indemnity costs for the Underlying Litigation, of insolvent insurers, or otherwise unavailable policies; (vii) a declaration and order that insurers providing coverage in excess of any self-insurance, insolvent, exhausted or otherwise unavailable coverage are required to "drop down" and to fill any purported "gap" in coverage, or in the alternative, are required to attach upon liability exceeding the attachment point specified in their policies; (viii) a declaration and order that when underlying coverage does not respond to a claim, suit, action or demand in the Underlying Litigation, for any reason, or no reason whatsoever, including (without limitation) breach by the underlying insurer, exhaustion, insolvency, refusal to pay, or otherwise, satisfaction by the uninsured of the retained limit shall require all Third-Party Defendants issuing and/or responsible for policies issued excess of such underlying coverage immediately to respond to the claim, suit, action or demand in the Underlying Litigation; (ix) a declaration and order that the duty to pay or reimburse defense costs is unlimited and supplemental and that such duty is invoked wherever there is any evidence of coverage, even if such policy instruments are incomplete, lost, or missing; (x) a declaration and order that the Underlying Litigation against Montello all arises out of an "occurrence" as the term is used and applied in the insurance policies at issue in this case and as a custom and practice in the insurance industry at the time of policy issuance, and otherwise; (xi) a declaration and order that Montello has the right to control the defense and disposition of the Underlying Litigation, including the selection of counsel and determination of the terms and conditions of their engagement; and (xii) a declaration and order that documentation, accounting and similar requirements, not expressly provided for by the Insurance Policies, sought to be imposed as a condition of coverage are unlawful and unenforceable.

> **ANSWER**:   Paragraph 57 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that it has been unable to locate a policy issued to Montello.  As such, to the extent paragraph 57 is directed at Scottsdale, Scottsdale denies all allegations contained in paragraph 57 of Montello's Third-Party Complaint and denies that Montello is entitled to any of the relief requested therein.

58.     Twin City and Hartford disagree, or on information and belief will dispute, these assertions and the relief which Montello asserts is available under their insurance contract.  An actual and justifiable controversy exists between Montello and Twin City and Hartford concerning Twin City and Hartford's obligations under the Insurance Policy sold to Montello because Twin City and Hartford are not fulfilling their obligations.

> **ANSWER**:   Paragraph 58 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a

response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 58 and, therefore, denies the same.

59.   A judicial declaration is necessary and appropriate at this time and under the circumstances alleged so that Montello may ascertain its rights under the Twin City/Hartford Insurance Policy.  A judicial declaration of Montello's rights under the Insurance policies would obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between Twin City and Hartford and Montello concerning its rights, and Twin City and Hartford's obligations, under the Insurance Policy at issue.

> **ANSWER**:   Paragraph 59 of Montello's Third-Party Complaint is not directed at Scottsdale and, therefore, no response is required.  To the extent a response is required, Scottsdale states that is has insufficient information to either admit or deny the allegations contained in paragraph 59 and, therefore, denies the same.

## SCOTTSDALE'S AFFIRMATIVE AND OTHER DEFENSES

Scottsdale sets forth the following affirmative and other defenses to Montello's Third-Party Complaint.  The following affirmative defenses are pled on information and belief that they may be applicable to the case at bar and are pled solely for purposes of avoiding a later claim of waiver or estoppel by any party to this action.  Scottsdale specifically reserves the right to strike or modify these affirmative and other defenses with additional facts and the right to add any additional defenses which may become applicable through discovery.

Scottsdale sets forth separate and distinct defenses below to apprise Montello of potentially applicable defenses.  Scottsdale reserves the right to re-evaluate, re-state, or delete any of the enumerated defenses and/or to assert additional defenses.  By listing any matter as an affirmative or other defense, Scottsdale does not assume the burden of proving any matter upon which Montello bears the burden of proof under applicable law.  Moreover, by setting forth the following defenses, Scottsdale does not waive its right to assert additional defenses as the facts of this action develop.

### First Affirmative Defense

Montello's Third-Party Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Montello's claims may be barred to the extent there is no actual and justiciable controversy.

### Third Affirmative Defense

Some or all of Montello's claims against Scottsdale may be barred by the applicable statute of limitations, the statute of repose, the doctrine of laches, unclean hands, waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, and/or issue preclusion.

### Fourth Affirmative Defense

Scottsdale has been unable to locate any policy issued to Montello and, therefore, denies that any such policy exists and that Scottsdale has any coverage obligations whatsoever relating to the Underlying Litigation.

### Fifth Affirmative Defense

Should any Scottsdale policy actually exist, Scottsdale denies that it has any coverage obligations whatsoever relating to the Underlying Litigation.

### Sixth Affirmative Defense

Should any Scottsdale policy actually exist, Scottsdale's obligations, if any, are set forth and limited by the terms, limitations, definitions, conditions, and exclusions of said policy, including, without limitation, conditions precedent, per occurrence and aggregate limits, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements.

### Seventh Affirmative Defense

Should any Scottsdale policy actually exist, Scottsdale denies that Montello provided timely and proper notice of the events giving rise to this action.

### Eighth Affirmative Defense

Should any Scottsdale policy actually exist, Scottsdale has no obligations to the extent that certain liabilities and/or potential liabilities were incurred by entities that do not qualify as an insured under said policy.

### Ninth Affirmative Defense

Should Scottsdale be found liable to Montello, recovery against Scottsdale must be reduced to the extent Montello has failed to mitigate, minimize, or avoid any damages it has allegedly sustained and/or reduced to the extent Montello has failed to prevent injury arising from the same or similar conduct.

## Tenth Affirmative Defense

Montello's claims are barred, in whole or in part, to the extent that Montello obtained, maintained, or renewed insurance by false, fraudulent, or misleading actions or by negligent or intentional failure to disclose, conceal, or represent facts that were material to the risks at the time of the negotiations, underwriting, issuance, and/or amendment of any Scottsdale policy issued to Montello, should any such a policy exist.

## Eleventh Affirmative Defense

Montello may have failed to join other entities that issued insurance policies to Montello, which are necessary and indispensable parties.

## Twelfth Affirmative Defense

Scottsdale specifically denies that it is liable to Montello; however, should Scottsdale be found liable to Montello, Scottsdale is only responsible for its appropriate pro-rata share of liability.  In addition, Scottsdale may be entitled to contribution, indemnification, apportionment, or other relief from the Plaintiff, the other Third-Party Defendants, and/or other entities that may be subject to joinder in this action, and any liability or duty Scottsdale may owe should be limited or reduced by such contribution, indemnification, apportionment, or other relief.

## Thirteenth Affirmative Defense

To the extent there is any insurance coverage for any underlying claim for which recovery is sought by Montello, the liability for such coverage is properly the responsibility of one or more parties to this action, other than Scottsdale.  In the event the Scottsdale policy (should any such policy exist) is found to provide coverage for any claim asserted herein, Scottsdale is entitled to a reduction in liability under the Scottsdale policy based on a allocation of responsibility among all other policies similarly found to provide coverage and/or to Montello for such claim.

## Fourteenth Affirmative Defense

Scottsdale has been unable to locate any policy issued to Montello, and no discovery has taken place in this case.  As such, Scottsdale specifically reserves the right to assert additional defenses upon discovery of Montello's claims, upon discovery of the policy, upon discovery of the provisions, terms, conditions, and exclusions of any such policy under which Montello is allegedly entitled to coverage, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Montello's Third-Party Complaint, Scottsdale Insurance Company respectfully requests that this Court dismiss Montello's Third-Party Complaint with prejudice, award Scottsdale its reasonable fees and costs, and grant Scottsdale any and all other relief as this Court deems just and proper.

Respectfully submitted,

**HOLDEN & CARR**

*/s/ Reagan L. Madison*

Michael L. Carr, OBA #17805
Reagan L. Madison, OBA 20761
First Place
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
MikeCarr@HoldenLitigation.com
ReaganMadison@HoldenLitigation.com
*Attorneys for Third-Party Defendant, Scottsdale Insurance Company*

28

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.   Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| Attorney | E-mail Address |
|---|---|
| Andrew Stuart Hartman | andrew@andrewshartman.com, pamela@andrewshartman.com, sheila@andrewshartman.com |
| Charles F Morrissey | cmorrissey@karballaw.com |
| Harold C Zuckerman (Terminated) | general_delivery@ecslok.com |
| Jack Cameron Moore | jack.moore@andrewshartman.com, ida.aldaco@andrewshartman.com |
| James Edward Green , Jr | jgreen@cwlaw.com, lchristy@cwlaw.com |
| Jed Wade Isbell | jisbell@cwlaw.com |
| Linda Gensler Kaufmann | lgk@jchlaw.com,                     amp@jchlaw.com, vlp@jchlaw.com |
| Molly Jeannette Mrowka | molly.mrowka@andrewshartman.com |
| Patrick Michael Ryan | pryan@ryanwhaley.com, jmickle@ryanwhaley.com, shobby@ryanwhaley.comq |
| Paula M Jantzen | pjantzen@ryanwhaley.com, dmaple@ryanwhaley.com |
| Richard C Ford | fordr@crowedunlevy.com, ECFT@crowedunlevy.com, kenneyj@crowedunlevy.com |
| Richard Earl Rush | rer@trc-law.com |
| Rodney Lynn Cook | rlc@jctokc.com, lkh@jctokc.com, rlw@jctokc.com |
| Roger Neal Butler , Jr | rbutler@secresthill.com, cclaessens@secresthill.com |
| Wayne S Karbal | wkarbal@karballaw.com |
| William James Rogers | wjr@trc-law.com |

/s/ *Reagan L. Madison*
Reagan L. Madison

<u>**CERTIFICATE OF MAILING**</u>

I hereby certify that on the 5th day of November 2010, I mailed the foregoing document, with proper postage thereon fully prepaid, to the following:

Brian C Coffey
Cohn, Baughman & Martin
333 W WACKER STE 900
CHICAGO, IL 60606

Robert D Moseley , Jr
Smith Moore Leatherwood LLP
300 E MCBEE AVE STE 500
GREENVILLE, SC 29601

William M Cohn
Cohn, Baughman & Martin
333 W WACKER STE 900
CHICAGO, IL 60606

/s/ *Reagan L. Madison*
Reagan L. Madison