# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

CANAL INSURANCE COMPANY,
        Plaintiff, Counter Defendant,

vs.                                                    Case Number:  10-cv-411  JHPTLW

MONTELLO, INC.,
        Defendant, Counter Plaintiff,

vs.

THE HARTFORD FINANCIAL SERVICES
GROUP, INC.; CONTINENTAL CASUALTY
COMPANY; HOUSTON GENERAL INSURANCE
COMPANY; NATIONAL INDEMNITY
COMPANY; SCOTTSDALE INSURANCE
COMPANY; and TWIN CITY FIRE INSURANCE
COMPANY

        Third-Party Defendants.

## JOINT STATUS REPORT

Jury Demanded:                       **X**   Yes        No

I.     Summary of Claims:  **This is a declaratory judgment action to determine the rights of the parties under an excess insurance policy issued to Montello, Inc.  Canal seeks a declaration that it has no obligation to "drop down" to provide coverage due to the insolvency of the underlying insurance carrier.  Canal also seeks a declaration that its policy is excess over the underlying limits of all of the insured's primary and any other underlying excess policies, and that Montello must exhaust all coverage, including those if its insolvent insurers prior to seeking indemnity from its excess carriers, including Canal.**

        A.     Claims to be Dismissed:  **None.**

II.     Summary of Defenses: **Montello has responded to Canal's claims asking for a broader determination from the Court of the liabilities, rights and responsibilities of the parties under the terms of various policies issued by Canal to Montello.**

**In addition, Montello has asserted that Third-Party Defendants issued to, or have assumed liability for insurance coverage issued to, Montello at various points in time and has asked the Court for a determination of the liabilities, rights and responsibilities of the parties in the context of those policies of**

insurance.

**Third-party defendant National Indemnity Company's sole connection to Montello is as an alleged reinsurer of certain policies allegedly issued by Continental to Montello. As a reinsurer of Continental, NICO can have no direct liability to Montello as a matter of law.**

**Third-Party Defendant Houston General Insurance Company is not obligated under the terms, conditions, limitations, and exclusions in any umbrella liability policy it may have issued to Third-Party Plaintiff Montello, Inc. to drop down and defend and indemnify Montello on liability claims which have been or may be brought against it. Montello is therefore not entitled to a declaratory judgment that Houston General is so obligated.**

**Third-Party Defendant Continental Casualty Co., improperly identified in the Third-Party Complaint of Montello, Inc. as "Continental Casualty Co., d/b/a CNA Commercial Insurance Company, d/b/a CNA Insurance Companies" ( "Continental"):  Continental's defenses are as set forth in its Answer and Affirmative Defenses. In particular, Continental states that Montello's claims against Continental must fail if Montello cannot meet its threshold burden of proving the existence, terms and conditions of the alleged Continental policies listed in Montello's Third-Party Complaint. Additional defenses, which cannot be stated with particularity at this time, may present themselves if Montello meets its threshold burden of proving-up such alleged, but disputed, policies.**

**Third-Party Defendant Scottsdale Insurance Company's sole connection to Montello is as an alleged reinsurer of certain policies allegedly issued to Montello. As a reinsurer of Scottsdale can have no direct liability to Montello as a matter of law. Third-Party Defendant Scottsdale Insurance Company is not liable to indemnify or defend Montello in the underlying lawsuits as a matter of law. Montello failed to satisfy both conditions precedent and subsequent for the recovery of benefits under the Scottsdale policy, and its claims are barred by the terms and conditions of the Scottsdale policy. Furthermore, Montello's claims are barred either in whole or in part by the statute of limitations, and the doctrines laches, unclean hands, waiver, estoppel, and claim and issue preclusion. Even if Scottsdale is liable to Montello, Montello failed to mitigate damages, and it is only responsible for its *pro rata* share of liability. Furthermore, Montello may have intentionally failed to disclose facts material to the risks at the time of issuance or amendment of any Scottsdale policy subject to this action, and Montello may have failed to join necessary or indispensible parties to this action. Finally, no justiciable controversy exists between Scottsdale and Montello, and this Court should decline to exercise its discretionary jurisdiction over this matter as it relates to Scottsdale.**

**Third-Party Defendant The Hartford Financial Services Group, Inc. is not a proper party to this litigation and has no obligations to Montello as a matter of law (see Dkt. No. 60). Third-Party Defendant, Twin City Fire Insurance Company has no obligations under the terms and conditions of the Excess Umbrella Policy issued to Montello, Inc. to "drop down" and defend and indemnify Montello for the underlying claims that are the subject of this action. Twin City also has numerous other defenses to Montello's claims which are set forth in Twin City's Answer and Affirmative Defenses.**

    A.    Defenses to be Abandoned: **None**

III.    Motions Pending (Include Docket Number, Description and Date at Issue): **60 – Hartford Financial Services, Inc.'s motion to dismiss third party complaint, 10/15/10;**
**62 – Twin City Fire Insurance Company's motion to strike portions of Montello's third party complaint, 10/15/10;**
**88 – Motion for judgment on the pleadings on behalf of National Indemnity Company.**

IV.    Stipulations:

    A.  Jurisdiction Admitted:    **X**Yes    No (If no, explain.)

    B.  Venue Appropriate:    **X**Yes    No (If no, explain.)

    C.  Facts:  **None at this time.**

    D.  Law:  **None at this time.**

V.    Proposed Deadlines:

    A.    Parties to be added by:

    B.    Proposed discovery cutoff date (4 months of discovery unless extended by the court for good cause): **.** Depending on the outcome of dispositive motions, more time may be necessary.

    C.    Fact witness lists to be exchanged by:

    D.    Proposed Date for Expert Reports by Plaintiff and Defendant:

**The parties, except Montello, will present to the court their respective requests for deadlines on**

>   **the Scheduling Order at the Status Conference.  Montello is providing its proposed Scheduling Order deadlines in this Status Report.  These deadlines are as follows:**
>
>   Parties to be added by May 30, 2011.
>
>   Preliminary fact witness and exhibit lists:  Plaintiff - 6/1/11; Defendant -6/08/11; Third Party Defendants - 6/15/11; and
>    Designation of experts and submission of expert reports: Plaintiff 7/15/11; Defendant 7/29/11; Third Party Defendants 8/12/11; and
>   Final witness and exhibit lists:  Plaintiff 9/19/11; Defendant 9/26/11; Third Party Defendants 10/10/11
>   With discovery cut-off December 20, 2011.
>
>   In addition, Montello respectfully requests that the Court make certain determinations of law that will govern the rights and responsibilities of the parties early in the case.  If the Court is willing to declare its interpretation of law concerning certain policy coverage issues early in the case, the issues for discovery and trial will be significantly narrowed.

VI.   Fed. R. Civ. P. 26(f) Discovery Plan

>   A.   Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?                         Yes     **X**No
>
>   If yes, please explain:
>
>   B.   When were or will initial disclosures under Rule 26(a)(1) be made?  **Within 14 days following case management conference.**
>
>   Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply  with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution.  Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner,  may result in sanctions, including  prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).
>
>   C.   Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?          Yes                         **X**No

   **Canal may elect to file motions for summary judgment or judgment on the pleadings prior to the close of discovery.**

>   D.   Should any changes be made in the limitations on discovery imposed by the Federal Rules of
>
>   Civil Procedure or the Court's local rules?           Yes                         **X**No
>
>   If yes, please explain:
>
>   E.   Proposed Number of fact and expert depositions:
>   1.   To be allowed for Plaintiff?   **10**
>   2.   To be allowed for Defendant?             **10**

      F.      Is there a need for any other special discovery management orders by the Court?

                Yes    **X**No

    If yes, please explain:

      G.      The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advise on the production of electronic information.

VII.    Are Dispositive Motions Anticipated?    **X** Yes    No    If yes, describe them.

**Plaintiff anticipates filing a motion for summary judgment/judgment on the pleadings with respect to the issues presented in its declaratory judgment action.**

VIII.    Do All Parties Consent to Trial before the Assigned Magistrate Judge?    Yes    **X** No

    If yes, please email a proposed Trial Consent to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the Magistrate Judge is Requested. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX.    Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?    Yes    **X** No

    If yes, please email a completed, proposed Partial Consent form to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to

X.    Settlement Plan    **Unknown at this time.**

    Settlement Conference Requested after:

    Describe settlement judge expertise required, if any:

    Private Mediation Scheduled in (date):

    Other ADR (Explain)

    X  ADR is not appropriate in this case – (Explain)

    Has a copy of the Court's ADR booklet been provided to clients as required?

      Plaintiffs:    **X** Yes    No

      Defendants:    **X** Yes    No

XII.    Does this case warrant special case management?    Yes    **X** No

    If yes, explain why.

XIII.    Do the parties request that the Court hold a scheduling conference?    **X** Yes    No

    If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling

order based on the information contained in this report.

XIV.	Estimated trial time:  **The amount of trial time will depend on the resolution of dispositive motions and therefore cannot be determined at this time.  The parties request a jury trial.**

Read and Approved by: (Add additional lines or pages as needed)

| | |
|---|---|
| s/ Andrew Stuart Hartman | s/ William James Rogers |
| Andrew Stuart Hartman, Esquire | Richard E. Rush, Esquire |
| OBA No.  3948 | *Pro Hac Vice* |
| Jack Cameron Moore, Esquire | William James Rogers, Esquire |
| OBA No.  14283 | *Pro Hac Vice* |
| Molly Jennette Mrowka, Esquire | THOMSON, RHODES & COWIE, P.C. |
| *Pro Hac Vice* | 1010 Two Chatham Center |
| HARTMAN, BLACKSTOCK & MOORE | Pittsburgh, PA 15219 |
| P.O. Box 700690 | Phone: (412) 232-3400 |
| Tulsa, OK 74170-0690 | Fax:  (412) 232-3498 |
| Phone:  (918) 712-3246 | E-mail:  rer@trc-law.com |
| Fax:  (918) 712-5042 | wjr@trc-law.com |
| E-mail:  andrew@andrewshartman.com | |
| Jack.moore@andrewshartman.com | Attorneys for Plaintiff/Counter Defendant, |
| Molly.mrowka@andrewshartman.com | Canal Insurance Company |
| | |
| Attorneys for Defendant/Third-Party Plaintiff/ | |
| Counter Claimant, Montello, Inc. | |
| | |
| s/ Wayne S. Karbal | s/ Patrick Michael Ryan |
| Wayne S. Karbal, Esquire (*Pro Hac Vice*) | Patrick Michael Ryan, Esquire |
| Charles F. Morrissey, Esquire (*Pro Hac Vice*) | OBA No.: 7864 |
| KARBAL, COHEN, ECONOMOU, SILK | Paula M. Jantzen, Esquire |
| & DUNNE, LLC | OBA No.:  20464 |
| 150 South Wacker Drive | RYAN, WHALEY, COLDIRON, SHANDY, PLLC |
| Suite 1700 | 119 N. Robinson, Room 900 |
| Chicago, Illinois 60606 | Oklahoma City, OK 73102 |
| Phone: (312) 431-3700 | Phone:  (405) 239-6040 |
| Fax: (312) 431-3670 | Fax:  (405) 239-6766 |
| E-mail: wkarbal@karballaw.com | E-mail:  pryan@ryanwhaley.com |
| cmorrissey@karballaw.com | pjantzen@ryanwhaley.com |
| | |
| -and- | Attorneys for Third-Party Defendant, Continental Casualty Company, improperly identified as "Continental Casualty Co. d/b/a CNA Commercial Insurance Company d/b/a CNA Insurance Companies |

Roger Neal Butler, Jr., Esquire
OBA No. 13668
SECREST HILL BUTLER & SECREST
7134 S. Yale Avenue, Suite 900
Tulsa, OK 74136
Phone:  (918) 494-5905
Fax:  (918) 494-2847
E-mail:  rbutler@secresthill.com

Attorneys for Third-Party Defendants,
The Hartford Financial Services Group, Inc. and
Twin City Fire Insurance Company


s/ Linda G. Kaufmann
Linda G. Kaufmann, Esquire
No. 14759
Rodney L. Cook, Esquire
No. 10253
JENNINGS, COOK & TEAGUE, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102-6801
Phone:  (405) 609-6000
Fax:  (405) 609-6501
E-mail:  lgk@jctokc.com
            rlc@jctokc.com

Attorneys for Third-Party Defendant,
Houston General Insurance Company

s/ Richard C. Ford
Richard C. Ford, Esquire
OBA No. 3028
CROWE & DUNLEVY
        20 N. Broadway, Suite 1800
Oklahoma City, OK 73102-8273
Phone:  (405) 235-7700
Fax:  (405) 239-6651
E-mail:  fordr@croweunlevy.com

Attorneys for Third-Party Defendant, National
Indemnity Company

| | |
|---|---|
| s/ Jason Travis Seay, Esquire | s/ William M. Cohn |
| Jason Travis Seay, Esquire | William M. Cohn, Esquire |
| No.22007 | *Pro Hac Vice* |
| Michael Lee Carr, Esquire | Brian C. Coffey, Esquire |
| No. 17805 | *Pro Hac Vice* |
| Reagan Leigh Madison, Esquire | Cohn Baughman & Martin |
| No. 20761 | 333 West Wacker Drive, Suite 900 |
| HOLDEN & CARR | Chicago, IL 60606 |
| 15 E. 5th Street, Suite 3900 | Phone: (312) 753-6606 |
| Tulsa, OK 74103 | Fax: (312) 753-6601 |
| Phone: (918) 295-8888 | E-mail: william.cohn@mclolaw.com |
| Fax: (918) 295-8889 | brian.coffey@mclolaw.com |
| E-mail: JasonSeay@HoldenLitigation.com | |
| hm@HoldenLitigation.com | Attorneys for Third-Party Defendant, Continental Casualty Company, improperly identified as "Continental Casualty Co., d/b/a CNA Commercial Insurance Company d/b/a CNA Insurance Companies" |
| Attorneys for Third-Party Defendant, Scottsdale Insurance Company | |