# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

CANAL INSURANCE COMPANY,

    Plaintiff, Counter Defendant,

vs.                                                                 Case Number:     10-cv-411 JHP-TLW

MONTELLO, INC.,

    Defendant, Counter Plaintiff

vs.

1) THE HARTFORD FINANCIAL SERVICES
   GROUP, INC.;
2) CONTINENTAL CASUALTY COMPANY;
3) HOUSTON GENERAL INSURANCE COMPANY;
4) NATIONAL INDEMNITY COMPANY;
5) SCOTTSDALE INSURANCE COMPANY; and
6) TWIN CITY FIRE INSURANCE COMPANY

    Third-Party Defendants

# JOINT STATUS REPORT

Jury Demanded:         [X] Yes         [ ] No

I.    Summary of Claims:

    This is a declaratory judgment action instituted by Canal Insurance Company ("Canal") to determine the rights of the parties under insurance policies issued to Defendant Montello, Inc. (the "Canal Policies"). Canal seeks a declaration that it has no obligation to "drop down" to provide coverage due to the insolvency of the underlying insurance carrier. Canal also seeks a declaration that its policy is excess over the underlying limits of all of the insured's primary and any other underlying excess policies, and that Montello must exhaust all coverage, including payment of the full amount of the limits of its insolvent insurers prior to seeking indemnity from its excess carriers, including Canal. Montello has filed a Third Party Complaint against other insurers that issued policies that are "above" certain insolvent policies issued by the Home Insurance Company ("Home"). These insurers have asserted several defenses, including, but not limited to, that they have no obligation to "drop down" or provide coverage as a result of Home's insolvency (collectively the "Home Insolvency Issues").

    Plaintiff and Third Party Defendants contend that the Home Insolvency Issues are dispositive of the case and the Plaintiff and Third Party Defendants respectfully request that the Court set a schedule for filing and briefing of summary judgment motions concerning the Home Insolvency Issues prior to addressing any other issues that will require extensive discovery and delay the resolution of this case.

    Montello contends that each of the policies at issue in this litigation is different and the insolvency of Home will have a different impact for each insurer. Montello advocates addressing policies is separate phases in light of the complexity of the issues and the burden that Montello currently carries in defending the underlying lawsuits. Montello respectfully requests that Phase II address the Canal Policies. Montello contends that the Canal Policies are not simply excess policies. Montello contends that the Defense Coverage Endorsement included in the Canal Policies requires Canal, as a primary insurer, to pay for defense costs and attorney fees incurred in defending personal injury cases filed against Montello when "there is no underlying insurer obligated to do so… ." Montello

contends that in light of the insolvency of Home, there is no underlying insurer obligated to defend cases where the first allegation of exposure to Montello products is after December 1, 1975 (the date that the Travelers Insurance primary coverage expired).  Further, from the standpoint of indemnity, the Canal Policies specifically state that the policies "shall be excess insurance over any other valid and collectible insurance available to the insured… ."  As such, in light of the insolvency of Home, the Canal indemnity obligation under the Canal policies is now primary.  Montello respectfully requests that in light of :

   **i)**   the fact that there are two significant personal injury cases scheduled for trial in 2013 (Thrash in Mississippi and Lyman in California); and

   **ii)**   the materiality of the defense costs and attorneys' fees that have been and will be incurred in defending those cases and others in which the first allegation of exposure to Montello products is after December 1, 1975; and

   **iii)**   the necessity of understanding the indemnity obligations of Canal in those cases in the event of settlement discussions,

the Court should restrict Phase II of this proceeding to dispositive motions concerning Canal's defense and indemnity obligations in cases which allege post-Travelers Insurance coverage exposure (i.e. post December 1, 1975 allegations of exposure to asbestos), leaving for later determination, dispositive motions concerning the rights and responsibilities of the parties in the context of the policies issued by the Third Party Defendant carriers.

Canal and the Third Party Defendants suggest that limiting Phase II in the manner suggested by Montello is inefficient.  Home's insolvency, and its impact on the carriers' coverage, is a common issue for all of the carriers.  Canal and the Third Party Defendants did not undertake to insure the solvency of Montello's primary insurers.

Contrary to Montello's assertions above, Canal's position is that there is no obligation to "drop down" to defend or indemnify Montello in place of its insolvent primary insurers or to assume co-primary status with respect to other valid and collectable underlying insurance.  The defense endorsement in the Canal Policy simply states that Canal will provide a defense, in addition to its indemnity obligation, at such time as Home or other underlying insurers are no longer obligated to do so.  Home is obligated to provide a defense until the limits of its policies have been exhausted by payment of loss.  The fact the Home is unable to fulfill its obligations, if any, due to insolvency does not require Canal to assume Home's obligations.

The language in the Third-Party Defendants' policies may vary from the Canal Policy language in some respects, but the overall commonality is that the language requires, at a minimum, the exhaustion of the underlying Home limits of liability before the umbrella or excess coverage is implicated.   Therefore, the carriers' language and the controlling case law are sufficiently similar to support the adjudication of the drop-down issue as to all carriers in the next phase of briefing.

   A.   Claims to be Dismissed: None.

II.   Summary of Defenses:

Montello has responded to Canal's claims asking for a broad determination from the Court of the liabilities, rights and responsibilities of the parties under the terms of various policies issued by Canal to Montello.

Third-Party Defendant Scottsdale Insurance Company's sole connection to Montello is as an alleged reinsurer of certain policies allegedly issued to Montello.  As a reinsurer of Scottsdale can have no direct liability to Montello as a matter of law.  Third-Party Defendant Scottsdale Insurance Company is not liable to indemnify or defend Montello in the underlying lawsuits as a matter of law.  Montello failed to satisfy both conditions precedent and subsequent for the recovery of benefits under the Scottsdale policy, and its claims are barred by the terms and conditions of the Scottsdale policy.  Furthermore, Montello's claims are barred either in whole or in part by the statute of limitations, and the doctrines laches, unclean hands, waiver, estoppel, and claim and issue preclusion.  Even if Scottsdale is liable to Montello, Montello failed to mitigate damages, and it is only responsible for its *pro*

*rata* share of liability. Furthermore, Montello may have intentionally failed to disclose facts material to the risks at the time of issuance or amendment of any Scottsdale policy subject to this action, and Montello may have failed to join necessary or indispensable parties to this action. Finally, no justiciable controversy exists between Scottsdale and Montello, and this Court should decline to exercise its discretionary jurisdiction over this matter as it relates to Scottsdale.

Third-Party Defendant The Hartford Financial Services Group, Inc. ("HFSG") contends that it is not a proper party to this litigation and intends to brief the issue further. If the Court grants the contemplated Home Insolvency Issues motions, the claims against HFSG will be moot.

Third-Party Defendant, Twin City Fire Insurance Company has no obligations under the terms and conditions of the Excess Umbrella Policy issued to Montello, Inc. with respect to the claims at issue in this case for multiple reasons as set forth in Twin City's Answer and Affirmative Defenses. Twin City requests that the Court set a filing deadline and a briefing schedule on all dispositive motions related to the Home Insolvency Issues. Twin City also has numerous other defenses to Montello's claims which are set forth in Twin City's Answer and Affirmative Defenses.

Third-Party Defendant Continental Casualty Company ("Continental") requests that a final judgment be entered with respect to Montello's claims against Continental. On October 15, 2012, the Court entered an Opinion and Order granting Continental's Motion for Summary Judgment on the lost policy issues and thereby resolved all claims against Continental. Because Phase I of these proceedings resolved all claims against Continental, Continental respectfully submits that it is not a proper party to the Phase II proceedings identified herein. Therefore, Continental will attend the Status Conference prepared to discuss the means by which the Court's October 15, 2012 Opinion and Order may be converted into a final judgment subject to immediate appeal.

In addition, Montello has asserted that Third-Party Defendants issued to, or have assumed liability for insurance coverage issued to, Montello at various points in time and has asked the Court for a determination of the liabilities, rights and responsibilities of the parties in the context of those policies of insurance.

Third-Party Defendant Houston General Insurance Company is not obligated under the terms, conditions, limitations, and exclusions in any umbrella liability policy it may have issued to Third-Party Plaintiff Montello, Inc. to drop down and defend and indemnify Montello on liability claims which have been or may be brought against it. Montello is therefore not entitled to a declaratory judgment that Houston General is so obligated.

    A.    Defenses to be Abandoned: None

III.    Motions Pending (Include Docket Number, Description and Date at Issue):

Canal Insurance Company's Motion for Summary Judgment on the Home Insolvency Issues (docket 130) was stricken with leave to re-file.

IV.    Stipulations:

    A. Jurisdiction Admitted:    [X] Yes    [ ] No (If no, explain.)

    B. Venue Appropriate:    [X] Yes    [ ] No (If no, explain.)

    C. Facts: None at this time.

    D. Law: None at this time.

V.    Proposed Deadlines:

A.  Parties to be added by:  N/A

B.  Proposed discovery cutoff date: discovery should be stayed while the parties brief the Home Insolvency Issues.

C.  Fact witness lists to be exchanged by: Deadline should be stayed until the Court rules on motions concerning the Home Insolvency Issue.

D.  Proposed Date for Expert Reports by Plaintiff and Defendant: Deadline should be stayed until the Court rules on motions concerning the Home Insolvency Issue.

VI. Fed. R. Civ. P. 26(f) Discovery Plan

A.  Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?  ☐ Yes  ☒ No

If yes, please explain:

B.  When were or will initial disclosures under Rule 26(a)(1) be made? Initial disclosures have been made.

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

C.  Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?  ☒ Yes  ☐ No
Depending on the outcome of the dispositive motions on the Home Insolvency Issues, additional discovery may be requested.

D.  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?  ☐ Yes  ☒ No

If yes, please explain:

E.  Proposed Number of fact and expert depositions:

1.  To be allowed for Plaintiff?  10

2.  To be allowed for Defendant?  10

F.  Is there a need for any other special discovery management orders by the Court?

☐ Yes  ☒ No

If yes, please explain:

G.  The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advise on the production of electronic information.

VII. Are Dispositive Motions Anticipated?  ☒ Yes  ☐ No  If yes, describe them.
Canal has filed a motion for summary judgment with respect to the issues presented in its declaratory judgment action and other insurers and Montello are seeking leave to file and brief the Home Insolvency Issues and coverage issues.

VIII. Do All Parties Consent to Trial before the Assigned Magistrate Judge?  ☐ Yes  ☒ No

If yes, please email a proposed Trial Consent to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the Magistrate Judge is Requested. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?   ☐ Yes   ☒ No

If yes, please email a completed, proposed Partial Consent form to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. Settlement Plan: Unknown at this time.

☐ Settlement Conference Requested after: _____

   Describe settlement judge expertise required, if any:

☐ Private Mediation Scheduled in (date): _____

☐ Other ADR
  (Explain)

☒ ADR is not appropriate in this case
  (Explain)   The parties do not believe that this case can be settled through ADR.

Has a copy of the Court's ADR booklet been provided to clients as required?

Plaintiffs:   ☒ Yes   ☐ No

Defendants:  ☒ Yes   ☐ No

XII. Does this case warrant special case management?  ☐ Yes   ☒ No

If yes, explain why.

XIII. Do the parties request that the Court hold a scheduling conference?   ☒ Yes   ☐ No
The parties have been unable to reach agreement with respect to the scope of Phase II of this case and respectfully request the Court to proceed with the Scheduling Conference set for February 25, 2013 at 11:00 a.m.

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIV. Estimated trial time: The amount of trial time will depend on the resolution of dispositive motions and therefore cannot be determined at this time. The parties request a jury trial as to all issues so triable._____

Read and Approved by: (Add additional lines or pages as needed)

s/Andrew Stuart Hartman
Andrew Stuart Hartman, Esquire
OBA No. 3948
Jack Cameron Moore, Esquire
OBA No. 14283
Molly Jennette Mrowka, Esquire
*Pro Hac Vice*
HARTMAN, BLACKSTOCK & MOORE
P.O. Box 700690

s/William James Rogers
Richard E. Rush, Esquire
*Pro Hac Vice*
William James Roger, Esquire
*Pro Hac Vice*
THOMSON, RHODES & COWIE, P.C.
1010 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 232-3400

Joint Status Report                                                                                        CV-03 (6/10)

Tulsa, OK 74170-0690
Phone: (918) 712-3246
Fax: (918) 712-5042
E-mail: Andrew@andrewshartman.com
         Jack.moore@andrewshartman.com
         Molly.mrowka@andrewshartman.com

Attorneys for Defendant/Third-Party
Plaintiff/Counter Claimant, Montello, Inc.

s/Charles F. Morrissey
Wayne S. Karbal, Esquire (Pro Hac Vice)
Charles F. Morrissey (Pro Hac Vice)
KARBAL, COHEN, ECONOMOU, SILK
 & DUNNE, LLC
150 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
Phone: (312) 431-3700
Fax: (312) 431-3670
E-mail: wkarbal@karballaw.com
         cmorrissey@karballaw.com

-and-

s/Roger Neal Butler, Jr.
Roger Neal Butler, Jr., Esquire
No. 13668
SECREST HILL BUTLER & SECREST
7134 South Yale, Suite 900
Tulsa, OK 74136
Phone: (918) 494-5905
Fax: (918) 494-2847
E-mail: rbutler@secresthill.com

Attorneys for Third-Party Defendants,
The Harford Financial Services Group, Inc. and
Twin City Fire Insurance Company

s/Michael Lee Carr
Michael Lee Carr, Esquire
No. 17805
HOLDEN & CARR
15 E. 5th Street, Suite 3900
Tulsa, OK 74103
Phone: (918) 295-8888
Fax: (918) 295-8889
E-mail: hm@HoldenLitigation.com

Attorneys for Third-Party Defendant,
Scottsdale Insurance Company

Fax: (412) 232-3498
E-mail: rer@trc-law.com
         wjr@trc-law.com

Attorneys for Plaintiff/Counter Defendant
Canal Insurance Company

s/Linda G. Kaufmann
Linda G. Kaufmann, Esquire
No. 14759
Rodney L. Cook, Esquire
No. 10253
JENNINGS, COOK & TEAGUE
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102-6801
Phone: (405) 609-6000
Fax: (405) 609-6501
E-mail: lgk@jtcokc.com
         rlc@jctokc.com

Attorneys for Third-Party Defendant,
Houston General Insurance Co.

s/Patrick M. Ryan
Patrick Michael Ryan, Esquire
No. 7864
Paula M. Jantzen, Esquire
No. 20464
RYAN, WHALEY, COLDIRON, SHANDY, PLLC
119 N. Robinson, Room 900
Oklahoma City, OK 73102
Phone: (405) 239-6040
Fax: (405) 239-6766
E-mail: pryan@ryanwhaley.com
         pjantzen@ryanwhaley.com

-and-

William M. Cohn (pro hac vice)
Brian C. Coffey (pro hac vice)
COHN BAUGHMAN & MARTIN
333 West Wacker Drive, Suite 900
Chicago, Illinois 60606
Phone: (312) 753-6606
Fax: (312) 753-6601
E-mail: William.cohn@mclolaw.com
         Brian.coffey@mclolaw.com

Attorneys for Third-Party Defendant,
Continental Casualty Company