IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MONTELLO, INC., ) | |
| ) | |
| Defendant. ) | Case No. 10-CV-411-JHP-TLW |
| ) | |
| THE HARTFORD FINANCIAL ) | |
| SERVICES GROUP, INC.; ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY; HOUSTON GENERAL ) | |
| INSURANCE COMPANY; NATIONAL ) | |
| INDEMNITY COMPANY; ) | |
| SCOTTSDALE INSURANCE ) | |
| COMPANY; and TWIN CITY FIRE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Third-Party Defendants. ) | |

**OPINION AND ORDER**

Before the Court are Canal Insurance Company's ("Canal") Motion to Dismiss and brief in support thereof [Doc. Nos. 188, 189]; Scottsdale Insurance Company's ("Scottsdale") Joinder in Canal's Motion to Dismiss [Doc. No. 190]; and Twin City Fire Insurance Company and The Hartford Financial Services Group, Inc.'s (collectively, "Hartford") Joinder in Canal's Motion to Dismiss [Doc. No. 192]. The extensive procedural history and factual background of this case is set out more fully in the Court's December 19, 2013 Opinion and Order. [Doc. No. 182, 2-4].

In its December 19, 2013 Opinion and Order, the Court held that the excess insurers presently have no duty to defend or indemnify Montello until the underlying limits of Montello's primary coverage have been exhausted by payment of loss. [*See id.*] In its motion, Canal argues

that the remaining issues raised by Montello do not present a justiciable controversy and, therefore, this action must be dismissed for want of subject matter jurisdiction. [Doc. No. 189, 3].

At this point in the litigation, the Court's continued jurisdiction over this matter is dependent on whether a justiciable controversy remains in light of the Court's December 19, 2013 Opinion and Order [Doc. No. 182]. Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). Furthermore, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez*, 558 U.S. at 92 (internal quotation marks omitted).

In its Phase II ruling, the Court held that Canal and the other similarly situated excess insurers have no duty to defend or indemnify Montello until such time, if ever, as the underlying limits of Montello's primary coverage have been exhausted by payment of loss. In its brief, Montello implicitly concedes that the underlying limits of its primary coverage have not been exhausted, explaining that "the facts in this case support Montello's claim that Canal is on the very precipice of a duty to provide[ ] payments to defend and indemnify Montello." [Doc. No. 193, 5; *see also* Doc. No. 195, 2 ("Montello does not contend that Scottsdale has any current payment obligation to Montello or on Montello's behalf to any party pursuant to the underlying litigation.)]. Therefore, the existence of a duty to defend and indemnify Montello is contingent on future events, which have not and may never take place.

In analogous cases, courts have concluded that there is no actual case or controversy regarding the excess insurers' duty to defend and/or indemnify where the underlying policy limits have not been exhausted. *In re Pettibone Corp.*, 121 B.R. 801, 809 (Bankr. N.D. Ill. 1990); *Axis Surplus Ins. Co. v. Contravest Const. Co.*, 921 F. Supp. 2d 1338, 1343-46 (M.D. Fla. 2012). The Court finds the reasoning of these analogous cases persuasive as well as instructive with regard to the matters now before the Court. Therefore, after careful consideration of the circumstances of this case, the Court finds that there is no longer any live or ongoing controversy regarding the policies at issue in this case.

Accordingly, after review of the briefs, and for the reasons explained above, this action is **DISMISSED.**

James H. Payne
United States District Judge
Northern District of Oklahoma