## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-CV-411-JED-TLW |
| | ) |
| MONTELLO, INC. | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE HARTFORD FINANCIAL | ) |
| SERVICES GROUP, INC., et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Before the undersigned United States Magistrate Judge for a report and recommendation are plaintiff Canal Insurance Company's ("Canal") motion for attorney fees, affidavit in support, and brief in support (dkt. 201, 202, 203); Houston General Insurance Company's ("Houston General") motion for attorney fees (dkt. 204); Scottsdale Insurance Company's ("Scottsdale") motion for attorney fees (dkt. 213); and Continental Casualty Company's ("Continental") motion for attorney fees (dkt. 214). Also before the undersigned for a report and recommendation are defendant's appeals of the Clerk's Taxation of Costs under Federal Rule of Civil Procedure 54(d)(1). (Dkts. 246, 247, 248, 249). Canal, Houston General, Scottsdale, and Continental ("the insurance companies") seek recovery of fees as prevailing parties under Title 36, Section 3629(B) of the Oklahoma Statutes. (Dkt. 201, 202, 203). Defendant Montello filed a response to each motion, arguing that the insurance companies do not meet the requirements of Section 3629(B) and are not entitled to fees. (Dkt. 222, 223, 224, 226). Alternatively, Montello argues

generally that the fees sought were not reasonable. Id. The insurance companies each filed a reply. (Dkt. 231, 233, 235, 241).

During a January 21, 2015 hearing, the undersigned ordered Montello to identify any billing items in the insurance companies' fee invoices to which it objected as unreasonable and to confer with the insurance companies regarding those items before the fee hearing. (Dkt. 265). The undersigned also advised the parties they could present argument on the legal issues and on any unresolved billing issues during the fee hearing. Id. The undersigned conducted the fee hearing on February 5, 2015. (Dkt. 272).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Montello "was a distributor of products used in the oil-drilling industry," including "a drilling mud additive that contained asbestos." (Dkt. 136, 182). Montello is now a defendant in "numerous lawsuits" brought by "individuals who were allegedly exposed to asbestos through Montello's products." Id. Montello sought liability coverage from the insurance companies, "most of which provided excess and/or umbrella insurance coverage over Montello's now-insolvent primary insurer, The Home Insurance Company." (Dkt. 182).

Canal "declined to defend and indemnify Montello as a primary carrier," but was "willing to fulfill its duties as an excess carrier." (Dkt. 2). Canal subsequently filed a declaratory judgment action seeking a judicial declaration "that Canal provides no primary or drop down insurance coverage or drop down defense for the claims asserted" against Montello until such time as Montello has expended an amount of money equal to the "applicable limits of liability" for defense and/or indemnity that The Home Insurance Company should have provided as the primary insurance carrier. Id.

---

[1] The following facts regarding the procedural history of the case are based on the District Court's summary judgment orders (dkt. 136, 182), order of dismissal (dkt. 196), and the relevant pleadings and motions.

2

Montello filed an answer and counterclaim against Canal. (Dkt. 20, 21). Montello also filed a third-party complaint against a number of other insurance companies that Montello believed had "responsibility for some portion or all of the costs of defense and indemnity of many of the suits filed and claims made against Montello," including Houston General, Scottsdale, and Continental. (Dkt. 22).

The District Court divided the litigation into two phases. (Dkt. 105). In the first phase, the District Court resolved a number of Rule 12 motions and cross-motions for summary judgment between Continental and Montello regarding the existence of two missing umbrella insurance policies. (Dkt. 136). The District Court granted summary judgment in favor of Continental, finding that, although Montello arguably could establish the existence of the policies it claimed provided coverage, it could not meet its burden to establish the coverage terms of the missing policies. Id. Continental then sought an order of judgment under Federal Rule of Civil Procedure 54(b). (Dkt. 142).

In the second phase, the District Court addressed Canal's motion for summary judgment, which the other excess insurers joined. (Dkt. 146, 147, 149, 150, 151). The insurers argued that, under Oklahoma law, they did not have a duty, as excess insurers, to drop down and provide coverage that the insolvent primary insurer could not provide. (Dkt. 146, 147, 148). Montello opposed the motion for summary judgment and filed its own motion for partial summary judgment. (Dkt. 157). The motions for summary judgment addressed the following issues: "(1) whether the insurers have a duty to 'drop down' to assume the obligations of the insolvent primary insurer; and (2) whether any other unique provisions contained in the individual policies bar coverage under the respective policies." (Dkt. 182).

The District Court found that the question of "drop down" coverage "ha[d] never been directly addressed by Oklahoma courts." Id. Because the Oklahoma Supreme Court had not

3

addressed the issue, pursuant to the Erie doctrine, the District Court reviewed "numerous decisions from other jurisdictions and consulted multiple secondary sources" to determine the majority rule and to predict how the Oklahoma Supreme Court would rule. Id. The District Court concluded that "if confronted with the issue of an excess insurer's obligation when the underlying primary insurer becomes insolvent, the Oklahoma Supreme Court would not impose an obligation on the excess insurer to drop down and provide insurance coverage in the absence of language indicating the insurers [sic] intent to do so." Id.

Applying this legal principle to the specific language of the respective insurance policies, the District Court found that the insurance policies did not provide insurance coverage, either to defend or indemnify, in the event of the primary insurer's insolvency. Id. Accordingly, the District Court granted the insurance companies' motions for summary judgment. Id.

Following the entry of the order granting summary judgment in favor of the insurance companies, Canal filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. 189). Canal argued that the summary judgment order "negate[d] the existence of any case of actual controversy between or among the parties." Id. The other insurance companies joined the motion. (Dkt. 190, 192). The District Court agreed and dismissed the case.[2] (Dkt. 196).

## MOTIONS FOR ATTORNEY FEES

Canal seeks $199,716.00 in attorney fees and $4,843.53 in expenses. (Dkt. 201). Houston General seeks $57,076.50 in attorney fees. (Dkt. 204). Scottsdale seeks $41,866.25 in attorney and paralegal fees. (Dkt. 213). Continental seeks $133,556.00 in attorney and paralegal fees. (Dkt. 214). In almost identical briefs, Canal, Houston General, Scottsdale, and Continental contend that they are entitled to these fees and expenses under Okla. Stat., tit. 36, § 3629(B).

---

[2] On November 27, 2015, the Tenth Circuit issued its Order and Judgment affirming the District Court's entry of a final judgment in this case. (Dkt. 273).

(Dkt. 203, 204, 213, 214). Title 36, section 3629(B) of the Oklahoma Statutes provides, in relevant part, that

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments, the insured shall be the prevailing party.

Okla. Stat. tit. 36, § 3629(B). The insurance companies argue that they satisfied the statutory requirements because they are prevailing parties, have met the proof of loss requirement, and rejected Montello's claim within ninety days. (Dkt. 203, 204, 213, 214). They also argue that their fees and expenses are reasonable. Id.

Montello argues that the insurance companies do not meet the statutory requirements necessary to recover attorney fees under Section 3629(B). (Dkt. 222, 223, 224, 226). First, Montello argues that the insurance companies did not identify any documents that Montello submitted as proof of loss. Id. Second, Montello argues that the insurance companies did not submit a written offer of settlement or a rejection of the claim. Id. Third, Montello argues that Section 3629(B) implicitly requires the proof of loss and written offer of settlement/rejection of claim to be submitted prior to the onset of litigation. Id. Fourth, Montello contends that the insurance companies are not prevailing parties because they did not receive all of the relief they requested. Id.

Alternatively, Montello argues that the attorney fees are unreasonably high and not justified and that the billing includes "unnecessarily redundant activities of attorneys" and "lumping and inadequate detail." Id.

Finally, with respect to Continental, Montello also argues that section 3639(B) is inapplicable to Continental's motion because the statute limits recovery of fees to cases

5

involving insurers and insureds. (Dkt. 226). Montello contends that "Continental denied that it is an insurer of Montello and, in fact, obtained judgment confirming that Continental is not Montello's insurer." Id.

In their reply briefs, the insurance companies argue that proof of loss was established by Montello's demands for indemnity and defense. (Dkt. 231, 233, 235, 241). Specifically, Canal argues that Montello's demand prompted Canal to file the declaratory judgment action and that, under Stauth v. National Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260 (10th Cir. 2011), the proof of loss requirement is satisfied when the insurer files such an action following a demand for coverage. (Dkt. 235). Canal also contends that it properly rejected the claims for coverage when it informed Montello that it was willing to provide excess insurance coverage but would not drop down to provide coverage and a defense simply because its primary insurer was insolvent. Id. With respect to the reasonableness of fees, Canal argues that Montello failed to identify any time entries that were unreasonable. Id.

Houston General and Scottsdale argue that Montello contends in its Third-Party Complaint that it made its claim for proof of loss by filing the Third-Party Complaint.[3] (Dkt. 231, 233). Accordingly, Houston General and Scottsdale argue that they should be permitted to reject Montello's claim through the filing of their Answers. Id.

In its reply, Continental makes a similar argument as a defendant to the Third-Party Complaint. (Dkt. 241). Because Continental was a prevailing party on the issue of the lost policies, however, Continental contends that, "as a matter of equity, Montello should not be allowed to benefit from its complete failure to prove the terms and conditions of an alleged

---

[3] Montello's Third-Party Complaint states that "Montello has performed all acts necessary under the Insurance Policies, specifically including payment of premiums, and notice and tender of claims which has been satisfied, *among other things*, by and through the filing of this Third-Party Complaint." (Dkt. 22, ¶ 19) (emphasis added).

6

Continental policy." Id. Alternatively, Continental argues that Montello issued a demand letter which tendered defense of the asbestos claims after the lawsuit commenced and that Continental rejected the demand. Id.

## ANALYSIS

Section 3629(B) requires a prevailing party to meet both procedural and substantive requirements before receiving attorney fees. For the reasons that follow, the undersigned recommends a finding that the insurance companies have failed to meet both the procedural and the substantive requirements of the statute. Additionally, given the nature of the claims at issue, which are reflected in the analysis of the substantive requirements of the statute, the undersigned recommends a finding that the statute is not applicable.

**Procedural Requirements**

A party seeking attorney fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (internal citation omitted). The insurance companies are seeking attorney fees as prevailing parties, both as plaintiff (Canal) and as third-party defendants (Houston General, Scottsdale, and Continental) in this declaratory judgment action.

Section 3629(B) clearly states that a party seeking to recover attorney fees in a dispute between an insured and insurer must establish three elements: (1) receipt of a proof of loss; (2) a written offer of settlement or rejection of the claim submitted within ninety days of receipt of the proof of loss; and (3) a judgment establishing that the party seeking fees is the prevailing party. See Okla. Stat. tit. 36, § 3629(B). The statute also defines the term "prevailing party." See id. In this case, because the insurance companies are the parties seeking attorney fees, the judgment awarded, if any, must not exceed the written offer of settlement. See id.

7

The Oklahoma Supreme Court has held that, procedurally, a motion for fees under Section 3629 must include proof of all elements of recovery before it may be granted. See Spears v. Shelter Mut. Ins. Co., 73 P.3d 865, 870 (Okla. 2003) (denying insurer's attorney fees motion for failing to meet the ninety day written offer of settlement or rejection requirement). See also Stanley v. Farmers Ins. Co. Inc., 2007 WL 2155784 (W.D.Okla., July 24, 2007) (holding that under the terms of the insurance policy, the right to request fees was triggered by a claim for coverage, not a first notice of loss); Sunny Meadows Dairy & Foods, Inc. v. Peerless Ins. Co., 2005 WL 2716303 (W.D.Okla. October 21, 2005) (distinguishing between a claim and a proof of loss for purposes of applying § 3629(B)).

The insurance companies' motions for fees are procedurally deficient. Canal's motion fails to include either the policy language governing notice of proof of loss or the notice that it received from Montello (which Montello denies was a proof of loss). (Dkt. 201, 202, 203). As such, the undersigned cannot determine whether the statutory requirements, including the requirement that the insurer respond to the proof of loss within ninety days, have been met.

Houston General and Scottsdale filed motions identical to Canal's. (Dkt. 204, 213). Houston General and Scottsdale, as third-party defendants, are in a slightly different situation than Canal, who is the plaintiff. However, neither motion contains proof of the policy language or the notice of loss supplied by Montello. Id.

Continental, who succeeded on its motion for summary judgment based on a lost policy theory, cannot establish the applicability of Section 3629(B) because it cannot establish an insured/insurer relationship with Montello. (Dkt. 136). Because there is no insurance policy, Continental's motion cannot meet the procedural requirements for filing a motion for attorney fees under § 3629(B).

Although Montello did not frame its objections to the motions for attorney fees as procedural challenges, Montello has argued that the insurance companies have not met their burden to establish that Montello filed a formal proof of loss that triggered the ninety-day period for a response under Section 3629(B). During the fee hearing, Montello's counsel cited to the applicable provisions of the insurance policies, arguing that they distinguish between notice of a claim that might result in a loss and a formal proof of loss. The insurance companies have argued that the posture of this litigation as a declaratory judgment action changes the nature of the evidence necessary to establish the right to fees under Section 3629(B). Those arguments, which are substantive in nature, are discussed, *infra*. However, the undersigned has ultimately concluded that the insurance companies' arguments are misplaced and that the application of Section 3629(B) does require interpretation of the policy language and the insured's notice/proof of loss to the insurer. Since the insurers, and Continental, have failed to provide either, their motions necessarily fail. For these reasons, the undersigned recommends that the Court deny the insurance companies' motions for attorney fees on procedural grounds.

### **Substantive Requirements**

The procedural deficiencies in the insurance companies' motions are due, in part, to their theory that Canal's decision to file a declaratory judgment action and Montello's decision to name the other insurers as third-party defendants changes the nature of the analysis. Canal argues that it met the statutory requirements of Section 3629(B) because it filed a lawsuit seeking declaratory judgment, citing <u>Stauth</u> for the proposition that "[t]he proof of loss requirement is satisfied where the insured notifies the insurer of a lawsuit for which coverage is demanded, and the insurer files a declaratory judgment action seeking a ruling that coverage is not required." (Dkt. 203). Houston General and Scottsdale filed identical motions, even though they are third-

9

party defendants, and not plaintiffs, in the declaratory judgment action. (Dkt. 204, 213). This analysis misstates the Tenth Circuit's reasoning in Stauth.

The Tenth Circuit held that the requirements of Section 3629(B) were met in Stauth because the public policy underlying the statute is one that protects the insured, not the insurer.[4] See Stauth, 236 F.3d at 1263-65 (quoting 7C John Appleman, Insurance Law and Practice § 4691, at 283 (1979)). The insurer in Stauth raised a number of arguments regarding the interpretation of Section 3629, including the argument that Section 3629 did not apply because the insureds had failed to submit the formal proof of loss cited in the statute. See id. at 1263, 1264. The parties in Stauth agreed that the insureds had not submitted the type of form cited in Section 3629(B), but the insureds argued that they had met the requirements of the statute by submitting a written notice of the claims against them. See id. at 1263, 1264.

In making this determination, the Tenth Circuit looked to the language of the policies at issue and the notice of loss that the insureds gave to the insurer. See id. at 1264-66. The Tenth Circuit determined that the policy language (for liability coverage for directors and officers) required only written notice of a claim against the insureds and not a formal proof of loss form as contemplated by Section 3629(B). See id. at 1265. This finding is compatible with the purpose of the statute, which protects insureds. As the Tenth Circuit noted, Section 3629(B) "is founded on compelling an insurer to bear the consequences of its improper denial of the insured's right to coverage. Any such improper denial forces the insured to litigate the coverage issue and to incur the corresponding expenses of litigation, or else to forgo its right to coverage." Id. at 1264.

---

[4] The undersigned also notes that in Stauth, the insureds, not the insurer, filed the declaratory judgment action. See Stauth, 236 F.3d at 1262. Although an insurer can recover attorney fees for filing a declaratory judgment action against an insured, see Grain Dealers Mutual Ins. Co. v. Farmers, 42 F.App'x 219 (10th Cir. 2002) (unpublished), Canal's statement is not an accurate depiction of the Tenth Circuit's holding.

In addition to the public policy underlying the statute's purpose, the Tenth Circuit's reliance, in <u>Stauth</u>, on the specific policy language contradicts the arguments of Canal, Houston General, and Scottsdale that the proof of loss requirement has been met simply because they claim that it has. Rather, the insurance companies must establish the required elements of the statute: (1) that Montello provided them with proof of loss; (2) that the insurance companies provided either a written offer of settlement or rejection of the claim within ninety days of the proof of loss; and (3) that the insurance companies prevailed in the litigation. <u>See</u> Okla. Stat. tit. 36, § 3629(B). The undersigned finds that, based on the District Court's summary judgment order, the insurance companies are the prevailing party. However, the undersigned also finds that the insurance companies have not met the first two requirements of the statute. The insurance companies have not established that Montello provided them with the required proof of loss, nor have they demonstrated that they rejected those demands for coverage.

The undersigned acknowledges that the proof of Montello's demands for coverage would, in this case, be voluminous due to the nature of the litigation for which Montello sought defense coverage and indemnity. Montello, as a former distributor of asbestos products, is now subject to a large number of lawsuits. (Dkt. 272, Hearing on Motion for Attorney Fees, Andrew Hartman). As Montello's counsel stated at the hearing, the number of lawsuits in Mississippi alone stands at approximately eight hundred. <u>Id.</u> He also acknowledged that, factually, the determination regarding which insurer and insurance policy applies to a particular lawsuit can be complicated. <u>Id.</u> Counsel for Canal also acknowledged the complexity of determining coverage, noting that it had expended a significant number of hours creating a database of claims, based on the notices that Montello provided to Canal. (Dkt. 272, Hearing on Motion for Attorney Fees, William Rogers).

11

Although it may have been difficult for Canal, Houston General, and Scottsdale to provide proof that they had timely responded to each of Montello's submissions of notice of a new claim, nothing in the language of Section 3629(B) allows for an exemption in cases involving more than one claim or proof of loss.

Moreover, this is not a case in which the parties have stipulated that notice was given to the insurer. Montello challenges the idea that the letters it submitted qualified as a proof of loss under the statute, claiming that it was simply providing notice of a claim to the insurance companies in order to protect its right to seek indemnity if its liabilities exceeded the limits of its primary insurance. (Dkt. 272, Hearing on Motion for Attorney Fees, Andrew Hartman). The nature of the underlying litigation for which Montello sought defense and/or indemnity does not excuse Canal, Houston General, and Scottsdale from having to meet the statutory requirements.

Continental's argument relies on a different approach. Continental argues in its motion that because Montello alleged that the Third-Party Complaint was sufficient to trigger coverage, then the Third-Party Complaint is also sufficient to serve as a proof of loss under Section 3629(B), and Continental's Answer is sufficient to serve as a rejection of the claim. (Dkt. 214). Continental cites Stauth in support. Id. As stated, *supra*, however, Stauth does not stand for the proposition that the proof of loss requirement is satisfied solely by the commencement of a declaratory judgment action. See Stauth, 236 F.3d at 1265. See also Murray v. First Marine Ins. Co., 29 F.App'x 503, 506 (10th Cir. 2002) (unpublished)[5] (explaining that "compliance with the policy regarding notice, followed by the institution of the declaratory judgment action," satisfied the proof of loss requirement for § 3629(B) in Stauth).

---

[5] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

In addition to Continental's inability to establish proof of the statutory elements, Continental's argument also has a fundamental flaw. The purpose of Section 3629(B) is to encourage prompt settlement of disputes between insurers and insured. See Latham v. First Marine Ins. Co., 16 F.App'x 834, 840 (10th Cir. 2001) (unpublished). Continental's entire defense was based on the proposition that it was not an insurer. Accordingly, it should not now be permitted to benefit from a statute that applies only to insurers and insureds. See Murray, 29 F.App'x at 506 (citing McCorkle v. Great Atl. Ins. Co., 637 P.2d 583, 586 (Okla. 1981) for the proposition that Section 3629(B) applies only to actions between an insured and insurer). Continental is not an insurer in this case.[6] Because there is no policy, Montello could not submit a proof of loss. Therefore, Continental cannot prove that Montello provided adequate proof of loss, and there is no claim upon which Continental could have submitted a written offer of settlement or rejection.

**Montello's Appeals of Clerk's Taxation of Costs**

Montello also appeals the District Court Clerk's orders granting costs to Twin City Fire Insurance Company and The Hartford Financial Services Group ("Twin City/Hartford") (dkt. 242), Canal (dkt. 243), Houston General (dkt. 244), and Scottsdale (dkt. 245). (Dkt. 246, 247,

---

[6] Continental's position throughout the litigation has been that it is not an insurer because the policies that Montello alleged provided coverage were lost. Continental prevailed on that issue. (Dkt. 136). Continental also contends, however, that Montello sent a demand letter to Continental in December 2011, more than a year after the filing of the Third-Party Complaint, and that Continental rejected the letter within ninety days, thereby meeting the statutory requirements. (Dkt. 214). Montello argues that the statute implicitly requires that the submission of proof of loss and rejection of the claim be established prior to the institution of litigation. (Dkt. 226). Neither Continental nor Montello cite any authority to support their respective positions on this issue, and the undersigned could not find any authority addressing the timing issue. However, all of the case law interpreting Section 3629(B) involves situations in which the proof of loss and settlement offer/rejection were made prior to the institution of litigation. Resolution of this issue, however, is unnecessary, as Continental is not an insurer.

248, 249). All four motions sought recovery of costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Local Civil Rule 54.1. (Dkt. 198, 200, 208, 209, 210, 211, 212).

Federal Rule of Civil Procedure 54 provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Montello argues that the insurance companies are not prevailing parties because "[a] dismissal based on lack of subject matter jurisdiction **does not** amount to a favorable termination of the litigation such that the party against whom the claims were asserted is entitled to recover its costs." (Dkt. 246, 247, 248, 249) (emphasis in original motions). In support of this argument, Montello cites Adams v. Monumental Gen. Cas. Co., 258 F.R.D. 576, 577 (M.D. Ga. 2009). (Dkt. 246, 247, 248, 249).

Canal, Houston General, and Scottsdale argue that the Tenth Circuit does allow recovery of costs for dismissal based on lack of subject matter jurisdiction and that the District Court's orders clearly establish them as prevailing parties in the litigation. (Dkt. 251, 252, 254). In support, they cite St. John Health Sys. v. Cohen, 2010 WL 1727971 (N.D.Okla. April 27, 2010) (unpublished) (relying on GHK Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1391 (10th Cir. 1988)). (Dkt. 251, 252, 254). Instead of a response, Twin City/Hartford and Montello filed a stipulation stating that Twin City/Hartford would waive its rights with respect to the District Court Clerk's Order (dkt. 242) in exchange for Montello's withdrawal, with prejudice, of its appeal of the Order (dkt. 246). (Dkt. 259).

The undersigned recommends that the District Court accept the stipulation (dkt. 259) and find that Montello's Appeal of the Clerk's Taxation of Costs with respect to Twin City/Hartford should be granted (dkt. 242). With respect to Montello's appeals of the award of costs to Canal, Houston General, and Scottsdale, the undersigned is not persuaded that the Tenth Circuit

14

precedent supports the application of Federal Rule of Civil Procedure 54(d) to cases involving dismissal for lack of subject matter jurisdiction.

In this case, after granting summary judgment to the insurance companies on the legal question of an excess insurer's duty to "drop down" and provide coverage to Montello after its primary insurer was declared insolvent, the District Court dismissed the case for lack of subject matter jurisdiction due to the lack of an ongoing case or controversy. (Dkt. 196, 197). 28 U.S.C. § 1919 states that "[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court *may* order the payment of *just costs*." 28 U.S.C. § 1919 (emphasis added). See also Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 n. 8 (10th Cir. 1998) (citing a distinction between the entitlement to an award of costs under Fed. R. Civ. P. 54(d)(1) and an award of just costs under 28 U.S.C. § 1919). But see St. John Health Sys. v. Cohen, 2010 WL 1727971 (N.D.Okla. April 27, 2010) (unpublished) (relying on GHK Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1391 (10th Cir. 1988)).

Although the award of costs would be discretionary under 28 U.S.C. § 1919, the undersigned has reviewed the bills of costs and finds them to be reasonable. For this reason, the undersigned recommends that Montello's appeals of the Clerk's Taxation of Costs under Federal Rule of Civil Procedure 52(d)(1) be denied. (Dkt. 246, 247, 248, 249).

## RECOMMENDATION

For the reasons set forth, the undersigned **RECOMMENDS** that the motions for attorney fees (dkt. 201, 204, 213, 214) be **DENIED**. Because the undersigned has recommended a finding that the insurance companies are not entitled to attorney fees and costs under § 3629(B), the undersigned also **RECOMMENDS** that defendant's appeals of the Clerk's Taxation of Costs under Federal Rule of Civil Procedure 54(d)(1) (dkt. 246, 247, 248, 249) be **DENIED**.

**OBJECTION**

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by December 15, 2015.

If specific written objections are timely filed, Fed. R. Civ. P. 72(b)(3) directs the district judge to determine *de novo* any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. See also 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

SUBMITTED this 1st day of December, 2015.

_____
T. Lane Wilson
United States Magistrate Judge