## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-CV-411-JED-TLW |
| v. ) | |
| ) | |
| MONTELLO, INC., ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HARTFORD FINANCIAL SERVICES ) | |
| GROUP, INC., et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

## **OPINION AND ORDER**

**I.     Background**

The factual and procedural background of this litigation is set forth in United States District Judge James H. Payne's summary judgment orders (Doc. 136, 182) and order of dismissal (Doc. 196) and the Report and Recommendation (R&R) (Doc. 274) entered by United States Magistrate Judge T. Lane Wilson.

In short, the issue as to Canal and Houston General (the parties objecting to the R&R) was whether either of them, as excess insurers, had a duty to "drop down" to assume the defense and indemnity obligations of Montello, Inc.'s primary liability insurer, The Home Insurance Company, which was previously declared insolvent. Judge Payne predicted that Oklahoma would follow the majority rule that excess insurers' policies do *not* "drop down" upon a primary insurer's insolvency, and he entered summary judgment in favor of the excess insurers. (*See* Doc. 136, 182). Judge Payne subsequently found that the remaining coverage issues were

dependent upon contingencies that may not occur, and he thus dismissed the remainder of the action because there was no longer a justiciable case or controversy. (Doc. 196).[1]

Following Judge Payne's entry of Judgment, Canal Insurance Company (Canal), Houston General Insurance Company (Houston General), Scottsdale Insurance Company (Scottsdale), Continental Casualty Company (Continental), and Hartford Financial Services Group, Inc. (Hartford) and Twin City Fire Insurance Company (Twin City) moved for attorneys' fees (Doc. 201, 204, 207, 213, 214), and all but Continental filed Bills of Costs (Doc. 198, 208, 210, 211). The Clerk awarded costs to be taxed against Montello, Inc. (Montello) and in favor of Hartford and Twin City (Doc. 242), Canal (Doc. 243), Houston General (Doc. 244), and Scottsdale (Doc. 245). Hartford and Twin City later entered a Stipulation (Doc. 259), whereby Hartford and Twin City waived their rights as to the Order on Bill of Costs (Doc. 242), and Montello withdrew its appeal of that Order (Doc. 246). In addition, Hartford and Twin City withdrew their motion for fees (Doc. 207).

Now before the Court for consideration are Judge Wilson's R&R (Doc. 274), objections thereto by Canal (Doc. 275, 276) and Houston General (Doc. 277), and Montello's response to the objections (Doc. 279). In the R&R, Judge Wilson recommended that the Court: (1) determine that the insurance companies are not entitled to attorneys' fees and costs under *Okla. Stat.* tit. 36, § 3629(B); (2) deny the motions for attorneys' fees filed by Canal (Doc. 201), Houston General (Doc. 204), Scottsdale (Doc. 213), and Continental Casualty (Doc. 214); and (3) deny Montello's appeals (Doc. 246, 247, 248, and 249) of the Clerk's Orders taxing costs against Montello and in favor of Canal, Houston General, Scottsdale, Twin City, and Hartford (Doc. 242, 243, 244, and 245).

---

[1] The Tenth Circuit recently affirmed those decisions in all respects. *See Canal Ins. Co. v. Montello, Inc.*, __ F. App'x __, 2015 WL 7597429, at *1 (10th Cir. Nov. 27, 2015).

Canal and Houston General filed Objections to Judge Wilson's R&R. (Doc. 275-277). Scottsdale and Continental Casualty Company did not object to the R&R or the recommended disposition of their motions for fees, and Montello likewise did not object to the R&R's recommendations to deny Montello's appeals of the Clerk's Orders on costs. Accordingly, there has been no objection to the R&R as it applies to Doc. 213, 214, 246, 247, 248, or 249.

**II.    Standard of review**

Consistent with Fed. R. Civ. P. 54(d)(2)(D), the motions for attorneys' fees were referred to Judge Wilson. Pursuant to Rule 54(d)(2)(D), a motion for fees is to be treated "as if it were a dispositive pretrial matter" under Fed. R. Civ. P. 72(b). Accordingly, this Court's review of the R&R is governed by the standard set forth in Rule 72(b), which provides in relevant part that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to [and] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**III.    Analysis**

**A.    Fee Motions**

Both Canal and Houston General filed objections on the same grounds, and their arguments will be addressed together. They argue that Judge Wilson erred in finding that Canal and Houston General did not satisfy the procedural and substantive requirements of the statute under which they seek fees because their motions did not include either the policy language governing notice of proof of loss or the document(s) they claimed to constitute the proof of loss. The statute provides in relevant part as follows:

> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days

>of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.

*Okla. Stat.* tit. 36, § 3629(B).

Judge Wilson noted that the statute requires that insurance companies establish the required elements of the statute in order to recover fees and construed the statute to require proof of the following: "(1) that Montello provided them with proof of loss; (2) that the insurance companies provided either a written offer of settlement or rejection of the claim within ninety days of the proof of loss; and (3) that the insurance companies prevailed in the litigation." (Doc. 274 at 11 (citing § 3629(B)). While the insurance companies were the prevailing parties, Judge Wilson found that the insurers had not established the other elements so as to entitle them to attorney fees under the statute.

Citing *Stauth v. National Union Fire Ins. Co.*, 236 F.3d 1260 (10th Cir. 2001), Canal and Houston General argue that § 3629(B) does not require such proof of loss in a case such as this, where Canal filed for declaratory judgment and Montello asserted third party claims against the insurers. Essentially, they assert that the requirements are met by the initiation of this action and Montello's third-party claims.

The Court has reviewed *Stauth* and agrees with Judge Wilson's analysis that the case does not support the arguments made by Canal and Houston General here. (*See* Doc. 274 at 6, 9-12). Moreover, Judge Wilson correctly noted that the fee motions of Canal and Houston General did not include all of the information necessary to establish entitlement to fees under § 3629(B), as they did not provide any proof of loss by Montello and did not provide information by which

the Court could determine that the insurance companies provided either a written offer of settlement or a rejection within 90 days of any proof of loss.  Under Oklahoma law, these are prerequisites which must be established in order to be entitled to fees under § 3629(B).  *See, e.g., Spears v. Shelter Mut. Ins. Co.*, 73 P.3d 865, 870 (Okla. 2003) (insurer who prevailed on coverage dispute was not entitled to fees under § 3629 because its "motion for attorney's fees did not demonstrate that defendant submitted a written offer of settlement or rejection of the claim to [the insureds] within ninety days of receipt of a proof of loss."); *see also American Commerce Ins. Co. v. Harris*, 664 F. Supp. 2d 1220, 1221-22 (E.D. Okla. 2009).

The Court declines the insurers' invitations to hold that declaratory judgment pleadings, alone, are sufficient to satisfy the proof of loss and timely offer of settlement or rejection requirements of § 3629(B) under the facts here.  To so hold would be to judicially bypass the plain requirements of the statute and expand the statute to provide for an award of attorney fees to the prevailing party in virtually all insurance-related litigation.  Oklahoma law does not support that result.  *See Spears*, 73 P.3d at 870.

Canal has now attached to its Objection a "reservation of rights and coverage position" letter dated February 22, 2008, which it sent to Montello's counsel.  (Doc. 275-1).  That document was not submitted as part of Canal's motion for fees, and Canal does not indicate if, or where, the letter was previously made a part of the record.  (*See id.*).  The Court declines to undertake a search of the voluminous record to determine whether the letter has ever before been submitted at any time since the inception of this litigation in 2010.  In any event, assuming that the letter has been timely provided for consideration, the Court is not persuaded that the reservation of rights letter establishes the requisite proof of loss or a timely rejection or settlement offer.  Montello has argued that it did not provide any proof of loss, but rather that it

5

merely provided notice of claims in order to protect its right to later seek indemnity if its liabilities exceeded the limits of its primary insurance. Canal's reservation of rights letter is at least partly consistent with Montello's position, as Canal noted in that letter that it had been "put on notice" of a number of lawsuits against Montello, but that Montello had *not* specifically requested that Canal assume the primary defense of Montello. (*See* Doc. 275-1 at 1, first paragraph).

In addition to requesting that the Court award fees associated with the litigation in the district court, Canal and Houston General also request an award of their fees incurred on appeal. (*See* Doc.275 at 4; Doc. 277 at 3). After receipt of the R&R, Canal and Houston General also filed a Joint Application for appellate fees in the Tenth Circuit. Like their objections to the R&R in this Court, their Joint Application to the appellate court was premised upon *Okla. Stat.* tit. 36, § 3629(B) and arguments that *Stauth* authorizes an award of fees to Canal and Houston General in this declaratory judgment action. They also argued that Judge Wilson's R&R was entered contrary to *Stauth*. Thus, they requested that the Tenth Circuit "conditionally approve the award of reasonable attorney fees on appeal, subject to the District Court's ruling on their objections to the R&R ... [and] remand the case to [the District Court] to determine whether [Canal and Houston General] are entitled to fees pursuant to § 3629(B), and if so, the amount of reasonable fees, including fees associated with the appeal."

The Tenth Circuit recently ruled on the Joint Application of Canal and Houston General, and denied it:

> [Canal and Houston General] ask this court to find that they are entitled to an award of their appeal-related attorneys' fees. The basis for the requested award is a provision in the Oklahoma Insurance Code, Okla. Stat. tit. 36, § 3629(B). [Montello] filed a response opposing the motion.

6

> Upon consideration of the Joint Application, the Response of Montello, Inc. in opposition, and the applicable law, we find that Canal and Houston General have not established that they are entitled to their appeal-related attorneys' fees. Accordingly, the Joint Application is denied.

(1/6/2016 Order by Judges Kelly, Lucero, and Phillips, in appeal No. 14-5039). Upon de novo review, the undersigned has likewise concluded that Canal and Houston General have not established that they are entitled to an award of fees – either trial or appellate fees – under § 3629(B).

**B.     Taxation of Costs**

As noted, Montello did not object to the R&R, in which Judge Wilson recommended that the Court deny Montello's appeals of the Clerk's Orders awarding costs. (Doc. 246, 247, 248, or 249). Nonetheless, the Court has conducted a de novo review of the R&R, the filings associated with the costs awarded, and the Clerk's Orders (Doc. 242, 243, 244, and 245) and finds that the costs awarded were appropriate, and Judge Wilson's analysis thereof was correct. The Court will accordingly accept the R&R's recommendation to deny Montello's appeals (Doc. 247, 248 and 249) and to accept the stipulation between Montello and Hartford and Twin City (Doc. 259). Because Hartford and Twin City waived their rights as to the costs awarded in their favor and Montello withdrew its appeal of that cost order in the stipulation filed by those parties (*see* Doc. 259), the Court finds that the better course is to deem that appeal (Doc. 246) withdrawn and therefore moot.

**IV.     Conclusion**

For the foregoing reasons, the objections filed by Canal and Houston General are hereby overruled, and the Court **accepts** the findings, conclusions, and recommendations of the R&R (Doc. 274). The motions for attorney fees (Doc. 201, 204, 213, 214) and the appeals of the

Clerk's Orders on costs (Doc. 247, 248, and 249) are hereby **denied**. The stipulation (Doc. 259) is hereby **accepted**, and the appeal at Doc. 246 is deemed **moot**.

SO ORDERED this 5th day of February, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE